[No. 20110.   In Bank. — June 29, 1886.]

# THE PEOPLE, RESPONDENT, v. PETER MARSEILER, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — INFORMATION. — An information for an assault with intent to murder is sufficient if it substantially complies with the requirements of sections 950–952 of the Penal Code.

ID. — INSTRUCTIONS — REVIEW OF ON APPEAL. — Alleged errors in the instructions to the jury in a criminal case will not be considered on appeal if the instructions are not embodied in the record.

ID. — HEARSAY EVIDENCE—IMMATERIAL ERROR. — The admission in evidence of a statement by the person alleged to have been assaulted, made without the presence of the defendant and about two hours after the assault, to the effect that he was shot, without indicating by whom the shot was fired, is not prejudicial to the defendant if the latter admits when testifying in his own behalf to having fired the shot complained of.

ID. — Error in admitting hearsay evidence of a certain fact is cured if the defendant subsequently testifies to the same effect.

ID. — ASSAULT WITH DEADLY WEAPON — CONDITION OF DEFENDANT AS TO SOBRIETY — EVIDENCE — INTENT. — Where an information charges the defendant with an assault with intent to murder, and he is convicted of an assault with a deadly weapon, the exclusion of evidence tending to show his condition as to sobriety or the contrary at the time of the assault is not error, as the offense of which the defendant was convicted does not involve the necessity of proof of any specific intent to commit it.

ID. — REPUTATION OF DEFENDANT FOR PEACE AND QUIET — REJECTION OF EVIDENCE OF. — On the trial, the defendant's counsel asked a witness if he knew the reputation of the defendant for peace and quietude in the community in which he lived. The district attorney objected to the question because it had not been shown that the witness knew the particular community in which the defendant lived. The court thereupon asked the witness several questions, and then sustained the objection. The record does not show what these questions were, nor whether the witness knew in what community the defendant lived. *Held,* that the objection was properly sustained.

ID. — IMPROPER QUESTION — ANSWER — ERROR WITHOUT PREJUDICE. — The allowance of an improper question to be put to a witness against the objection of the defendant will be considered as without prejudice if the record fails to show that any answer was given to the question.

ID. — EXPERT TESTIMONY AS TO EYESIGHT. — A physician cannot testify as an expert to the relative powers of eyesight of two different persons, under certain named conditions, unless it is first shown that he has made an examination of their eyes.

ID. — ABSENCE OF WITNESS FROM TRIAL — REFUSAL OF BENCH-WARRANT. — On the trial, certain witnesses for the defendant, who had been served

with subpœnas out of the county in which the action was tried, did not appear when called to testify. The defendant thereupon asked for a bench-warrant to enforce their appearance. The court denied the application. It did not appear by affidavit or other sworn statement what was sought to be proved by the witnesses, or that their testimony would have been material to the defendant, or that they were within immediate reach of the process of the court. *Held,* that the action of the court was proper.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order refusing a new trial.

The facts are stated in the opinion.

*James A. Hall,* for Appellant.

*Attorney-General Marshall,* for Respondent.

FOOTE, C. — The defendant was by a jury found guilty of an assault with a deadly weapon. He has appealed from the judgment of conviction and an order denying him a new trial.

The demurrer to the information was properly overruled; the latter was in substantial conformity to the requirements of sections 950–952 of the Penal Code, and charged but one offense, an assault with intent to kill and murder.

The alleged imperfections in the charge of the court to the jury cannot be considered here, as in the record before us that charge does not appear.

The defendant complains that the court allowed a witness to testify, against the former's objection, that one Morris, the person alleged to have been assaulted, told the witness about two hours after the alleged shooting that he, Morris, was shot.

The defendant himself, when sworn as a witness, admitted to having fired the shot complained of, for the purpose of scaring Morris, and the statement first referred to did not indicate *who* fired the shot; hence by its admission in evidence the defendant was not prejudiced.

The objection that it was hearsay evidence was made to the statement of E. Dakin that Morris had claimed in his presence, but not in that of the defendant, that a certain gun belonged to the latter. For the reason that the defendant identified that very gun as his own when testifying, the error, if any, was cured.

The court is said to have erred in not permitting Peter Morris to answer a question as to the condition of the defendant as to sobriety or the contrary at the time of the alleged shooting.

As the offense of which the defendant was convicted did not involve the necessity of proof of any specific intent to commit it, evidence as to whether the defendant was drunk or sober at the time of the alleged. shooting was immaterial, and the court committed no error in excluding it.

The defendant's counsel propounded to a witness this question:—

"Do you know the reputation of this defendant for peace and quietude in the community in which he lives?"

The district attorney objected to it upon the ground that it had not been shown whether as a matter of fact the witness knew the particular community in which the defendant lived. By the bill of exceptions it appears that the court thereupon asked the witness several questions, and then sustained the objection. What those questions were does not appear in the record, nor does it appear therein that the witness knew what community the defendant lived in.

From which it must be presumed that the court was satisfied the witness did not know the defendant's reputation as asked for in the community in which he lived, and properly sustained the objection of the district attorney.

A question put by the district attorney to one Pratchner, a witness, as follows: "Did you ever get drunk there with him?" was objected to as irrelevant, immaterial,

and not proper cross-examination, but was allowed by the court to be asked.

Since no answer to the question is shown by the record to have been given, it does not appear that the defendant was deprived of any legal right.

The defendant further complains that the court below erred in not permitting a question to be answered asked by his counsel of certain physicians as experts, as follows:—

"Suppose that on a medium dark night, one man was standing a distance of twenty-five paces from another, that one of the men had lost one eye, would he be as apt to see the movements and what was done by the other man as if he had both eyes in good condition?"

The defendant then offered to prove by those physicians that under the circumstances mentioned in that question the prosecuting witness, a one-eyed man, could not have seen as well as the defendant, who possessed two eyes.

It seems to us that to render such a question or such evidence proper, it ought first to have been shown that those physicians had made an examination of the eyes of Morris and the defendant; for without a knowledge of the structure, condition, and powers of the particular eyes about which they were called upon to give evidence, it is impossible to perceive how they could better have known anything about the relative powers of the two men's eyes under the conditions named than any unprofessional person could have done by simply looking at the two men casually, or as the question was put, without even looking at any two *particular* men, or at any men at all.

The action of the court in not issuing attachments for certain witnesses for the defendant is also assailed as erroneous.

It appears that the two witnesses in question had been duly subpœnaed to appear, but it does not appear but

that the defendant knew they were not present when he went to trial.

After the case for the people was closed, and the defendant had testified, and numerous other witnesses had been sworn and testified in his behalf, the two above referred to were called at the court-room door by the sheriff, and failed to answer. Then a bench-warrant was asked for by the defendant to enforce their appearance.

It did not appear by affidavit or any sworn statement what was sought to be proved by those witnesses or either of them, or that the evidence expected from them was in any particular material to the defense.

The trial of this cause was had in Santa Cruz County; the witnesses were served with the subpœna in Santa Clara County, California. From all which we do not perceive that the court in refusing to grant the attachment for the witnesses abused the discretion vested in it in reference to such matters. There appeared to be no need for their evidence upon the part of the defendant, they are not shown to have been within easy or immediate reach, and for all that the court knew, the trial might have been uselessly prolonged for several days without the witnesses being then forthcoming, or their testimony of any value when had.

The judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.