[No. 21077.   Department One.—August 17, 1894.]

THE PEOPLE, RESPONDENT, *v.* ELMER E. GORDAN, APPELLANT.

CRIMINAL LAW—TRIAL—ORDER OF EVIDENCE—DISCRETION—APPEAL.— Under section 1094 of the Penal Code it is within the sound discretion of the court to depart from the order of evidence prescribed in section 1093 of the same code, and the action of the court will not be disturbed upon appeal unless there has been an abuse of discretion.

ID.—ASSAULT WITH DEADLY WEAPON—EVIDENCE—CROSS-EXAMINATION OF DEFENDANT—IDENTIFICATION OF REVOLVER.—Upon the trial of a defendant for an assault with a deadly weapon with intent to commit murder, where the defendant had testified upon direct examination as to the reason he had a revolver upon the day of the difficulty, it was proper for the court to permit the prosecution to ask the defendant upon cross-examination to identify a revolver shown him.

ID.—MOTION TO STRIKE OUT IRRESPONSIVE ANSWER—HARMLESS RULING.—Where the defendant's counsel, for the purpose of proving the condition of the defendant as to sobriety or drunkenness at the time of the shooting, asked a witness the question, "He walked up the street very leisurely, did he not?" to which the witness answered, "No, sir; he walked as though he was a little anxious," the refusal of the court to strike out the answer as not responsive to the question is not prejudicial error.

ID.—GOOD CHARACTER OF DEFENDANT—IMPROPER CROSS-EXAMINATION BY DISTRICT ATTORNEY—UNPREJUDICIAL CONDUCT.—The conduct of a dis-

trict attorney in asking a witness, who has testified as to the defendant's good character, the question, "Don't you know, as a fact, that his wife procured a divorce from him on account of cruelty and inhuman treatment within the last two years," cannot be said to be prejudicial to the rights of the defendant, where an objection was sustained to the question, and the jury were instructed to give no heed to it.

ID.—TESTIMONY AS TO CHARACTER—PARTICULAR FACTS—CROSS-EXAMINATION.—Where a witness is called to testify as to good or bad character of the defendant, he can only be asked on the examination in chief as to the general character of the person whose character is the subject of the inquiry, and he will not be permitted to testify to particular facts either favorable or unfavorable to such person; but it seems that on cross-examination the witness may be asked whether he has not heard the witness accused of doing acts inconsistent with the character attributed to him.

ID.—INTOXICATION OF DEFENDANT—INSTRUCTIONS—SPECIFIC INTENT—ASSAULT WITH DEADLY WEAPON.—The refusal of the court to instruct the jury, at the request of the defendant, that if the defendant was in such a condition of mind from intoxication at the time of the alleged commission of the offense as to be incapable of forming an intent to commit the offense, or that he committed the act without being conscious thereof, or that the jury entertained a reasonable doubt as to his condition in those respects, they should acquit, and the giving in lieu thereof of an instruction in the language of section 22 of the Penal Code, and a further instruction that in the charge of an assault to commit murder the specific intent to take life is a necessary element, and that in considering the question whether the defendant is guilty or not of this offense they should take into consideration the question of his intoxication, as the charge also involved the charge of an assault with a deadly weapon and that in such last charge no specific intent is necessary to constitute the crime, and hence as to that charge the question of intoxication was improper to be considered, is not erroneous.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*Daney & Wright,* for Appellant.

The court erred in refusing to permit counsel for defendant to recall for cross-examination the prosecuting witness. In furtherance of justice, the court should have permitted the defendant to offer testimony, even though his case was closed. (Pen. Code, secs. 1093, 1094, subd. 4.) The court erred in permitting the defendant to be cross-examined by the district attorney in refer-

ence to the revolver which the district attorney asked the defendant to identify, as such matters had not been gone into upon his examination in chief. (Const., art. I, sec. 13; Pen. Code, sec. 1323; *People* v. *O'Brien*, 66 Cal. 602; *People* v. *Bishop*, 81 Cal. 116.) The court erred in refusing to strike out the answer "he walked rather as though he was a little anxious," in reply to the question as to whether he walked up the street very leisurely, as the answer was clearly not responsive to the question. (*Greenman* v. *O'Connor*, 25 Mich. 30; *Lansing* v. *Coley*, 13 Abb. Pr. 272; *Kingsbury* v. *Moses*, 45 N. H. 222.) The defendant was deprived of a fair trial by reason of the conduct of the district attorney. (*People* v. *Lee Chuck*, 78 Cal. 329; *People* v. *Bowers*, 79 Cal. 417.)

*Attorney General W. H. H. Hart, Deputy Attorney General William H. Layson*, and *District Attorney M. L. Ward*, for Respondent.

As defendant, in his chief examination, stated he had a revolver on the day of the crime, it was proper upon cross-examination to ask him if he identified the one shown him as the one he had that day. (*People* v. *Gallagher*, 100 Cal. 466; *People* v. *Crowley*, 100 Cal. 478.) It was within the discretion of the court to refuse to allow the defendant to recross-examine witness after the prosecution had closed, and this discretion is not reviewable. (*People* v. *Ross*, 65 Cal. 105; *People* v. *Christensen*, 85 Cal. 570; Pen. Code, sec. 1094.)

SEARLS, C.—The appellant was tried in the superior court in and for the county of San Diego, for the crime of assault with a deadly weapon upon L. D. Hauser, with the intent to commit murder, and was convicted of the crime of an assault with a deadly weapon, and was by the judgment of the court sentenced to imprisonment for the term of one year in the state prison at San Quentin.

The appeal is from the judgment and from an order denying a new trial.

At the trial, after the prosecution and defense had introduced their testimony, and while the prosecution was introducing testimony in rebuttal, counsel for the defendant asked leave to recall, for further cross-examination, L. D. Hauser, the prosecuting witness, for the purpose of laying a foundation for impeaching said witness, by showing that he had declared, soon after the shooting, that defendant did not fire the pistol to hit him, etc.

Counsel claimed that he only received information of the existence of the declaration on the morning of the day the offer was made.

The court denied the request, and the action is assigned as error.

The Penal Code, section 1093, provides that, after the prosecution and defense have respectively offered their testimony, "the parties may then respectively offer rebutting testimony only, unless the court, for good reason, in furtherance of justice, permit them to offer evidence upon their original case."

Section 1094 provides that in any case, for good reasons, the court may, in its sound discretion, depart from the order prescribed in the preceding section.

The matter being confided to the discretion of the court, an appellate court cannot review the action of the trial judge, except where it is apparent there has been an abuse of such discretion. ( *Wright* v. *Wilcox*, 9 Com. B. 650; *People* v. *Cook*, 8 N. Y. 67; 59 Am. Dec. 451; *Williams* v. *Sargeant*, 46 N. Y. 482.) Our own decisions are full upon the point to like effect.

There is no abuse of discretion shown. The reason given by the court was sufficient to authorize the refusal, and, if no reason had been given, this court could not reverse the ruling in such a case without an affirmative showing of an abuse of discretion. It follows that the error is not well assigned.

There was no error in the ruling of the court in permitting the prosecution to ask the defendant, who was a witness in his own behalf, on cross-examination, to

identify a revolver shown him, "and to tell the jury whether or not it was his revolver."

Upon his direct examination, he had stated that the reason he had a revolver on the day of the difficulty was that he had purchased it a few weeks earlier, and carried it nights when he went home with his money from his fruit-stand, and laid it on a shelf in the morning when he came back, but that morning (the day of the difficulty) had forgotten to leave it, etc.

Having thus testified as to a revolver, it was proper to ask him to identify it. (*People* v. *Gallagher*, 100 Cal. 466.)

Defendant's counsel asked a witness on cross-examination the following question in reference to the manner in which defendant walked up the street after the shooting: "He walked up the street very leisurely, did he not?" To which the witness answered: "No, sir; he walked as though he was a little anxious."

Defendant moved to strike out the answer as not responsive, which was refused, and an exception noted.

The first part of the answer was responsive to the question, and the remainder, if indefinite, might easily have been explained by a question as to the meaning of the term used by the witness. The real point of the inquiry related to the condition of the defendant as to sobriety or drunkenness at the time, and it may well have been that the witness used the expression as indicating the presence of reasoning faculties. In any event, it was of little importance.

When counsel for the defendant objected to a question asked of a witness for the prosecution in rebuttal, as to the witness having passed the place of business of Cherry within the last year or two, the court stated: "I do not see any materiality in it anyway," and sustained the objection.

I agree with the court in saying that there was no materiality in the proposed testimony, and the court had an undoubted right to give the reason for its ruling. Had the question been confined to the time

when Cherry had testified to his passing his place, it might possibly have been relevant, though of little importance.

E. J. Louis, a witness for defendant, had testified in chief that he had known the defendant for about three years, and knew his general reputation for peace and quietness in that community during that time, and that it was good.

Upon cross-examination the district attorney asked this question: "Don't you know, as a fact, that his wife procured a divorce from him on account of cruelty and inhuman treatment within the last two years?"

An objection was sustained to the question, and the jury instructed to give no heed to it.

The point is still made that the conduct of the district attorney was prejudicial to the rights of the defendant, tended to prejudice the jury against him, and that the judgment for that cause should be reversed.

The case of *People* v. *Wells*, 100 Cal. 459, probably goes as far in the direction pointed out by appellant as any well-considered case extant.

That was an aggravated case, in which the court evidently believed the public prosecutor had wantonly and repeatedly transcended the limits of a fair investigation, with the object of prejudicing the rights of the defendant and poisoning the minds of the jurors, and this court reversed the judgment.

The case here is very different, no evidence of a desire or design to do injustice to the defendant is apparent. At most, all that can be said is that the district attorney asked an improper question, which was objected to, the objection sustained, and the jury instructed to disregard it. The fact that the question was improper seems to be tacitly conceded.

The rule is as follows: If evidence of good character is given in behalf of the prisoner, evidence of bad character may be given in reply; but in either case the evidence must be confined to the prisoner's general reputation, and the individual opinion of the witness as to

his disposition, founded on his own experience and observation, is inadmissible.

There is no doubt that when a witness is put upon the stand to attack or defend character, he can only be asked on the examination in chief as to the general character of the person whose character is the subject of the inquiry, and he will not be permitted to testify to particular facts either favorable or unfavorable to such person.   To this extent it is believed there is no divergence of opinion among authors or jurists.

But there are many respectable authorities to the effect that when the witness who has thus testified is subject to cross-examination, he may then be asked, with a view to test the value of his testimony, as to particular facts; having testified as to the defendant's general good character, his opinion and the value of it may be tested by asking the witness, on cross-examination, whether he has ever heard that the person in question has been accused of doing acts wholly inconsistent with the character which he has attributed to him.   (3 Rice on Evidence, 604, 605; *State* v. *Merriman,* 34 S. C. 16; *Jackson* v. *State,* 78 Ala. 471; *Steele* v. *State,* 83 Ala. 20; 1 Taylor on Evidence, sec. 352; *Oliver* v. *Pate,* 43 Ind. 132; *State* v. *Arnold,* 12 Iowa, 480; *Leonard* v. *Allen,* 11 Cush. 241; *Carpenter* v. *Blake,* 10 Hun, 358.)

In such cases it is not the truth of the particular facts, but circulating rumors of them, which form a part of the general repute, and go to make up one's good or bad character.

The doctrine is illustrated by the case of *Reg.* v. *Wood,* 5 Jur. 225, where a witness for a defendant charged with highway robbery, having testified to the good character of the prisoner, was asked on cross-examination whether he had not heard that the prisoner was suspected of having committed a robbery in the vicinity a few years before.   It was objected that this was a particular fact raising a collateral issue.

Baron Parke overruled the objection, and remarked: "The question is not whether the prisoner was guilty

of that robbery, but whether he was suspected of having been implicated in it.    A man's character is made up of a number of small circumstances, of which his being suspected of misconduct is one."

If, therefore, we concede the district attorney was wrong in putting the question, he was in such good company and backed by such an array of authority that no inference of intended oppression or injustice to the defendant can be presumed, and to suppose that the jury was unduly influenced thereby is to place a very low estimate upon their intelligence and capacity.

The court instructed the jury on its own motion, and at the request of counsel for the defendant gave nineteen out of twenty-three instructions presented by him. Those given presented the case in as favorable an aspect on behalf of defendant as the law would warrant.

Three of the four refused related to the intoxication of the defendant at the time of the commission of the alleged crime, and sought to establish the proposition that if defendant was in such a condition of mind from intoxication at the time of the alleged commission of the offense as to be incapable of forming an intent to commit the offense, or that he committed the act without being conscious thereof, or that the jury entertained a reasonable doubt as to his condition in those respects, they should acquit.

In lieu thereof the court instructed the jury in the language of section 22 of the Penal Code, and then instructed them that in the charge of an assault to commit murder, the specific intent to take life is a necessary element of the crime, and that in considering the question whether the defendant is guilty or not of this offense they should take into consideration the question of his intoxication, etc., but that the charge also involved the charge of an assault with a deadly weapon, and that in this last charge no specific intent is necessary to constitute the crime, and hence as to that charge the question of intoxication was improper to be considered.

This distinction was proper. (*People* v. *Franklin*, 70 Cal. 641; *People* v. *Marseiler*, 70 Cal. 98.)

The other instruction refused was in the following language: "In considering the testimony of the witness Hauser, as well as the testimony of every other witness, you have a right, and it is your duty, to consider the circumstances under which he testified, and the manner in which he gives his testimony, and if you should believe from the testimony that the letter introduced by the defendant was either written or delivered by the witness Hauser, or that it was written or delivered at his suggestion, or with his knowledge and consent, then you have a right, and it is your duty, to consider that fact in weighing the testimony of such witness."

The instruction was objectionable, for the reason that it sought to single out the witness Hauser and call the especial attention of the jury to him and his testimony on account of an anonymous letter received by the witness Cherry, who is a brother-in-law of the defendant, which letter suggested that Hauser could be sent away if it was managed right, etc.

There was no evidence whatever that Hauser was the author of, or connected in any way with, the letter, except that he had passed the place of business of Cherry two or three times on the day preceding the morning when the letter was found under the door of Cherry.

Hauser denied all knowledge of the letter, and several circumstances tended to corroborate his statement.

The witness Cherry admitted that he had previously and the night after the trouble visited Hauser, and sought "to know if there was any way of getting it fixed up, if he could not withdraw the case, and he said he could not."

He also testified that "Hauser never made any remark to me that would indicate that he wanted me to give him money in consideration of his not appearing in this case."

The fact is very apparent that on account of the

mother and sister of the defendant, the friends of the latter were anxious to stifle a prosecution, and that the witness Hauser informed them the matter was in the hands of the law, and he had nothing to do with its adjustment.

Defendant was fairly tried and convicted upon testimony amply sufficient to uphold the verdict, and the judgment and order appealed from should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.

Hearing in Bank denied.