## SEABOARD FREIGHT LINE, INC. *v.* CASTRO ELECTRIC COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 8—decided January 29, 1946.

*Louis Feinmark,* with whom, on the brief, was *Maxwell H. Goldstein,* for the appellant (plaintiff).

*Isadore Chaplowe,* with whom, on the brief, was *Albert W. Cretella,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover for property damage resulting from an automobile collision and has appealed from a judgment for the defendants. The only errors assigned are in the charge. The plaintiff made no objection to the charge at its conclusion as required by § 156 of the Practice Book, and we have repeatedly held that we will not, except in unusual situations, consider claimed errors in the charge unless such objection is made.

The plaintiff seeks to avoid the effect of the rule

upon two grounds. The first is that the trial judge did not, as its counsel says is the custom with many trial judges, inquire at the conclusion of the charge whether there were objections to it. The rule imposes no obligation upon the judge to make any such inquiry. The responsibility is upon counsel, as in similar situations, notably rulings upon evidence, to make the objection if he deems the interests of his client require it. The other ground advanced by the plaintiff for avoiding the rule is that at the conclusion of the charge the trial judge retired from the bench too quickly to allow counsel time for objection. A reasonable opportunity should, of course, be given for making objections, but the record does not show that the court in this instance failed to give it. Even if the situation was such as the plaintiff claims, counsel should have gone to the judge in chambers and requested him to return to the bench, that objection might be made.

There is no error.