[Crim. No. 4296. Second Dist., Div. Three. May 19, 1949.]

THE PEOPLE, Respondent, v. LILLIAN B. INGRAM, Appellant.

Walter L. Gordon, Jr., for Appellant.

Fred N. Howser, Attorney General, and Kent C. Rogers, Deputy Attorney General, for Respondent.

VALLÉE, J.—Appellant was charged with assault with a deadly weapon upon her husband, George W. Ingram, with intent to commit murder. She was convicted of assault with a deadly weapon by the court, sitting without a jury, and sentenced to the county jail. She appeals from the judgment.

Appellant claims that the evidence is insufficient to support the judgment. The claim is without merit. The facts are these:

On May 7, 1948, about 8:30 p.m., appellant, her husband and a Mrs. Cloud were present in appellant's home. An argument took place between appellant and her husband. She asked him to take down a curtain rod. He said, "No," there was no hurry. She said, "I'll go in there and get that gun and blow your brains out. Maybe you think I won't do it." She obtained her ".38 revolver," waved it around, and again said she would blow his brains out,—that he was "just a nogood so and so." About a minute later she fired a shot which went through the refrigerator door. Her husband was sitting in a chair about 3 feet from the refrigerator. In less than a minute, with the gun pointed directly at her husband, she fired a second shot which lodged in the floor about 6 inches from his left toe. Appellant's husband did not threaten or strike her. He was not armed nor did he have his hands on the gun. The night of the shooting the parties had "tea for supper." Appellant admitted she fired one shot at her husband.

Penal Code, section 240, defines assault as: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another," and Penal Code, section 245, provides that "Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great

914

bodily injury is" guilty of a public offense. It is not necessary, in order to complete the offense of assault with a deadly weapon, that the intended victim be actually injured. The intent with which the shots were fired was a matter for the determination of the trial court. In *People* v. *Corlett*, 67 Cal.App.2d 33 [153 P.2d 595, 964], the court stated, page 55: "If a rifle is deliberately and unlawfully fired toward another person in a manner 'likely to produce great bodily injury,' an assault with a deadly weapon may be accomplished even if the defendant does not really intend to *hit* the victim. It has been held that an assault with a deadly weapon does not 'involve the necessity of proof of any specific intent to commit it.' (*People* v. *Marseiler*, 70 Cal. 98, 100 [11 P. 503]; *People* v. *Gordan*, 103 Cal. 568 [37 P. 534]; *People* v. *Lopez*, 81 Cal.App. 199, 202 [253 P. 169]; *People* v. *Lim Dum Dong*, 26 Cal.App.2d 135, 140 [78 P.2d 1026].)"

The evidence abundantly supports the judgment. Any decision, other than one of guilty of assault with a deadly weapon, would have been a miscarriage of justice.

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.