CONCETTA ATTARDO *v.* CONNECTICUT RAILWAY AND
LIGHTING COMPANY ET AL.

O'SULLIVAN, C. J., WYNNE, DALY, KING and SWAIN, Js.

Argued May 7—decided May 22, 1957

*Helen F. Krause,* for the appellant (plaintiff).

*J. Kenneth Bradley,* with whom, on the brief, was
*Henry J. Lyons,* for the appellees (named defendant.
et al.).

*Joseph Weiner,* with whom, on the brief, was *Wil-
liam Gitlitz,* for the appellee (defendant Buzelle).

PER CURIAM. The plaintiff was injured when the
named defendant's bus, in which she was riding as a.
passenger for hire, collided with an automobile oper-
ated by the defendant Alice M. Buzelle. The plaintiff
sued four defendants but before trial dropped one of
them. As to the others, the jury returned a verdict
of $1000 against the bus company and its driver, and
in favor of Mrs. Buzelle. The plaintiff has appealed,
assigning error in the court's refusal to set aside the
verdict as to all three defendants, in the charge as
given, in the court's refusal to charge as requested,.
and in four rulings on evidence.

The plaintiff's brief makes no mention of her claim that the court erred in refusing to set aside the verdict in favor of Mrs. Buzelle. That assignment of error is deemed to have been abandoned. Maltbie, Conn. App. Proc. (2d Ed.) p. 208, § 167. The other assignments are addressed to claimed errors bearing upon the question of damages. Since the jury refused to impose liability upon Mrs. Buzelle, any such errors, even if established, would have had no effect upon her and hence did not harm the plaintiff. *Ingraham* v. *Marotta,* 138 Conn. 36, 38, 81 A.2d 682. The judgment for Mrs. Buzelle must stand.

The plaintiff's main contention is that the verdict against the other two defendants should have been set aside because of its inadequacy. It is a court's duty to set aside a verdict if its manifest injustice is so plain and palpable as to justify the suspicion that the jury or some of its members were influenced by prejudice, corruption or partiality. *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 19, 96 A. 169. No such infirmities are apparent, however, in this record. The plaintiff alleged in her complaint, and at trial attempted to prove, that she had been seriously injured as the result of the collision. The extent of her injuries and the amount of her special damages were hotly contested issues between the parties. The jury were entitled to accept the evidence, professional and otherwise, submitted by the defendant. "A conclusion reached upon comparison and examination of conflicting professional opinion, by reliance upon one rather than another, can rarely be found erroneous in law in the absence of bad faith." *Kulak* v. *Landers, Frary & Clark,* 120 Conn. 606, 608, 181 A. 720.

The plaintiff's requests to charge were devoted to the degree of care required of the bus company

and its operator. Since the jury returned a verdict against both, the refusal to charge as requested, even if erroneous, was harmless. Maltbie, op. cit., § 95. And those portions of the charge which the plaintiff attacks were correct statements of the law, adapted to the issues and sufficient for the guidance of the jury. *McKirdy* v. *Cascio,* 142 Conn. 80, 87, 111 A.2d 555.

The evidential rulings on the question propounded to Dr. Gilbert H. Glaser and on the admissibility of an electroencephalogram were correct. The assignment of error as to the ruling excluding testimony by Dr. Michael E. Brodsky is not properly presented in the record and for that reason cannot be passed upon. The ruling upon the question addressed to Dr. Daniel P. Griffin on cross-examination was within the discretion of the court. *Eamiello* v. *Piscitelli,* 133 Conn. 360, 370, 51 A.2d 912.

There is no error.