STATE OF CONNECTICUT *v.* ANNA M. PALLANCK

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 6—decided June 23, 1959

*Simon S. Cohen,* with whom was *James H. Throwe,* for the appellant (defendant).

*Donald B. Caldwell,* assistant special state's attorney, with whom, on the brief, was *Donald C. Fisk,* special state's attorney, for the appellee (state).

MELLITZ, J. The defendant was convicted, after a trial to the jury, of the crime of assault with a deadly or dangerous weapon. She has appealed from the judgment and assigns error in the court's charge to the jury and in its refusal to set the verdict aside.

The state offered evidence to prove, and claimed to have proved, the following facts: The state highway department, through five of its employees, was endeavoring, preparatory to erecting a fence, to line up the boundary between land of the state and land owned by the defendant in the town of Union. The defendant, without warning, fired three or four short cartridges from a .22 caliber rifle in the general direction of these employees. The cartridges had sufficient force, at a distance of 250 feet, to penetrate from three to five pine boards, seven-eighths of an inch thick, backed up against each other. The highway employees were within striking distance, and when they heard the defendant threaten to harm one of their number, they were frightened by her actions and left the scene. The men were not on the defendant's land. On a prior occasion when the highway department had commenced the erection of a fence, the defendant had threatened to use a gun and shoot if the work continued. The defendant admitted, during the trial, that she had fired the shots, but stated that she fired them into the ground, not at the highway employees, and did so only with the intention of frightening them away and not with the intention of doing them harm.

The principal contention of the defendant is that

the court erred in refusing to charge the jury, in accordance with her request, that they could find her guilty of the crime of simple assault if, upon the evidence, they entertained a reasonable doubt as to her guilt of the charge of assault with a deadly or dangerous weapon. In *State* v. *Monte,* 131 Conn. 134, 135, 38 A.2d 434, upon a charge of assault with a deadly or dangerous weapon, the proof of the state was that the defendant struck his victim with a heavy club. The defendant claimed that the victim fell on his head and was injured after having been merely pushed by the defendant. The issue whether the club was a dangerous weapon was submitted to the jury, and we said that if the jury found that the club was not a dangerous weapon they might find the defendant guilty of simple assault. We held that the situation fell squarely within the rule that if, upon the evidence, the accused can properly be found guilty of a lesser offense than that charged, and the allegations of the information include the elements constituting the lesser offense, he is entitled to have the jury instructed as to it and charged that if they find only the lesser offense proven he is to be found guilty of that offense. So, in *State* v. *Mele,* 140 Conn. 398, 402, 100 A.2d 570, we found error in the failure of the court to give recognition to this principle and instruct the jury that conviction was possible, on the evidence presented, of the crime of aggravated assault, where the defendant was charged with assault with intent to murder and was convicted of assault with intent to kill. To warrant the application of this principle, however, we pointed out that two conditions must be satisfied, the first of which is that the evidence must be such as to warrant a finding that the defendant is guilty of the lesser offense. The principle has no application where the

evidence does not support a conviction of the lesser offense.

A loaded rifle such as that employed by the defendant here is a deadly or dangerous weapon per se. Although the defendant claimed that her purpose was merely to frighten the highway employees, the jury could find, upon the evidence, that she fired in the direction of the employees and that they were within striking distance. Firing in the direction of another with the intention of frightening him and firing in his direction with the intention of wounding him are equally assaults, and if the person toward whom the assault is directed is within the range of harm the act constitutes an assault with a deadly or dangerous weapon. *State* v. *Baker,* 20 R.I. 275, 278, 38 A. 653. Without the use of the rifle by the defendant in the manner disclosed by the evidence, there would have been no assault. If the defendant was guilty of an assault, she was guilty, upon the evidence, only of assault with a deadly or dangerous weapon. In such a situation an accused may not be convicted of simple assault. *People* v. *Thomas,* 100 Cal. App. 82, 84, 279 P. 826; *MacIllrath* v. *United States,* 188 F.2d 1009, 1010; *State* v. *Hoel,* 238 Iowa 130, 132, 25 N.W.2d 853; 42 C.J.S. 1310, § 287 (b). Even if the highway employees were, at the time, committing a trespass on the property of the defendant, as claimed by her, her employment of a dangerous weapon would not be warranted. *Heminway* v. *Heminway,* 58 Conn. 443, 445, 19 A. 766. A mere trespass does not justify a landowner in using a dangerous weapon in an effort to eject the trespasser. *Scheufele* v. *Newman,* 187 Ore. 263, 270, 210 P.2d 573; 6 C.J.S. 820, § 20. The court was not in error in refusing to instruct the jury that the defendant could be found guilty of simple assault. Nor was

there error in its refusal to set the verdict aside. The jury reasonably could find the facts as they were claimed to have been established by the state, and upon those facts a verdict of guilty was warranted.

There is no merit to the further claim of the defendant that in order for her to be convicted of the crime charged the state had to prove a specific intent on her part to do harm. To constitute the crime, no specific intent is necessary other than that embraced in the act of making an assault with a dangerous weapon, that is, an intent to cause fear. 1 Wharton, Criminal Law & Procedure, p. 720 § 361, p. 680 § 332. The intent may be inferred from the act. *State* v. *Litman,* 106 Conn. 345, 352, 138 A. 132; *State* v. *Baker,* supra; *People* v. *Ingram,* 91 Cal. App. 2d 912, 914, 206 P.2d 36. Here, the defendant herself admitted the intent to frighten.

The defendant's assignment of error on her challenge to the array has not been briefed and is considered as abandoned. *Attardo* v. *Connecticut Ry. & Lighting Co.,* 144 Conn. 741, 742, 132 A.2d 70.

There is no error.

In this opinion the other judges concurred.