STATE OF CONNECTICUT *v.* BRUCE S. FISHER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 16-5688

Argued November 4, 1963—decided January 6, 1964

*Irving L. Aronson,* of Manchester, for the appellant (defendant).

*Richard P. Heffernan,* prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was charged with reckless driving, in violation of § 14-222 of the General Statutes. Upon a trial to the jury, he was found guilty; he has appealed, assigning as error the court's charge and rulings on evidence.

The state offered evidence to prove and claimed to have proved the following: The defendant, on November 21, 1962, at about 9 o'clock in the evening, met a Miss Severni and her sister at a drugstore in a shopping center on route 44 west of Avon center. They agreed to go to Miss Severni's home in their separate cars. Miss Severni proceeded easterly on route 44, followed by the defendant. For about a quarter of a mile from the shopping center the road is a two-lane highway, one lane for easterly traffic and one for westerly traffic; it then becomes a four-lane highway, with two lanes of traffic in each direction. The lanes in each direction are designated by broken white lines, and the middle of the highway is marked with double yellow no-passing lines. The four-lane highway begins with an "S" curve, first bearing to the left and then to the right for traffic traveling in an easterly direction. The posted speed limit at this point is forty miles per hour. The defendant commenced to pass the Severni car at about fifty to fifty-five miles per hour when for the first time, he noticed a car traveling easterly ahead of the Severni car. This car was being operated by a state trooper and was traveling slowly on the extreme right lane and south of the white center line of the eastbound lane. As the defendant passed the Severni car, he took a wide turn and crossed over the double yellow line, and then attempted to pull into the right lane and slow down; in doing so, he slammed on his brakes and skidded, striking the

trooper's car with a terrific impact, pushing it 200 feet onto an embankment, bouncing off and then crossing over into the westbound lane, striking head on a car traveling in a westerly direction. Traveling easterly from the shopping center, it is approximately six-tenths to seven-tenths of a mile to the scene of the accident, and in that strip there are located the following traffic signs posted for observation by easterly bound traffic: "No Passing," "40 miles per hour Speed Limit," "Intersection," "Curve," and "Avon Drive Slow." The highway was wet and damp, the weather was warm and clear, and it was dark.

The defendant offered evidence to prove and claimed to have proved the following: When he started to pass the Severni car he was traveling about five miles over the posted speed limit. The car in front of the Severni car was straddling the white line dividing the two lanes for traffic traveling easterly. The defendant tried to pass this car but could not do so without crossing the double yellow line. He attempted to pull back to the right when the brakes of the trooper's car were suddenly applied. The defendant tried to stop but was unable to do so and was compelled to cross the double yellow lines. The accident was unavoidable and due to the emergency.

The assigned errors are to be tested by the finding, not by the evidence. *State* v. *Tryon,* 145 Conn. 304, 307.

At the conclusion of the charge, the defendant took an exception to the court's statement that if the defendant made a misjudgment he would not be guilty, and to a claimed inaccuracy in one of the court's references to the facts. The court then made a supplemental charge to the jury as to both matters and again emphasized that the jury were the sole

judges of the facts. No exception was taken to this supplemental charge. The defendant, however, maintains that the jury could not help being confused and misled. From our examination of the charge and the supplemental charge, we do not feel that the defendant could have been prejudiced. The jury were properly instructed as to the determination of matters of fact where the court may have commented on the facts. *State* v. *Perretta,* 93 Conn. 328, 342; *State* v. *Hayes,* 127 Conn. 543, 586. "If our jury system is to continue to be a practical, working one, and productive of reasonably satisfactory results, it must be given a chance to operate within human limitations as respects both judge and jury, and have reasonable presumptions applied to its operation. Substantial errors will be committed for which a remedy must be given, but an appellate court ought not to be expected to create substance out of shadows, to conjure up errors out of trifles, or to seek for judicial irregularity by microscopic processes, speculative imaginings, or refined reasoning." *Foote* v. *Brown,* 81 Conn. 218, 227; *State* v. *Johnson,* 139 Conn. 89, 93; *Farlow* v. *Connecticut Co.,* 147 Conn. 644, 648. This assignment of error is without merit.

The remaining assignments of error pertain to rulings on evidence. John Bonolo, the state trooper, testified on direct examination that he saw the defendant's car in his rearview mirror for a couple of seconds and that the defendant was traveling "at a terrific rate of speed." On cross-examination, the trooper was asked if it was not customary, in making a clock for speed, to clock for more than just a couple of seconds. An objection to this line of questioning was sustained on the ground that there was no evidence on direct examination of a clock's having been made. The rule governing the scope of an ordinary cross-examination is that insofar as the

cross-examination does not take the form of an attack on the credibility of the witness, it must be limited to the subject matter of the direct examination. *Mendez* v. *Dorman,* 151 Conn. 193, 198. It is true that cross-examination of a witness, insofar as it constitutes an attack on his credibility, need not be limited to questions relevant to his direct testimony. There was nothing to indicate, however, that the question excluded was, or reasonably could be, incidental to any attack on the credibility of the witness. *Mendez* v. *Dorman,* supra, 199. The question was not proper cross-examination on any matter on which the witness was examined in chief, and it was in the sound discretion of the court to admit or reject it. *State* v. *Pecciulis,* 84 Conn. 152, 162; *Eamiello* v. *Piscitelli,* 133 Conn. 360, 369.

The defendant objected to a question on direct examination of the witness Theresa Koscak as to "whether the damage to her car was to the right." The court allowed the question to be answered by Yes or No. The answer was that at the time of the accident she did not know. The defendant maintains that he was not allowed to state his reason for his objection before the court ruled and that his reason was not whether the question could be answered Yes or No but that at this point there was no evidence that the defendant was the operator of the car that struck her. The defendant is confused with a prior question, "Do you know what portion of the car the defendant was operating struck your car?" To that question the defendant's objection was sustained. The question under consideration does not mention the defendant and furthermore, the answer being in the negative, it could not be harmful to the defendant.

The defendant objected to the admission of evidence of injuries sustained by the witness Theresa

Koscak on the ground that they were immaterial and irrelevant and could have a prejudicial effect upon the jury. The statute under consideration, § 14-222, uses the words "operation . . . at such a . . . speed as to endanger the life of any person." To be sure, testimony concerning injuries is not proof of a violation of the statute, but it is relevant to the issue of endangering life and is not so remote or inconsequential as to distract the jury's attention from the main issue of reckless driving. On the contrary, it is a fact which logically tends to aid the trier in the determination of that issue. It was fully within the discretion of the court to admit the testimony. *State* v. *Sebastian*, 81 Conn. 1, 4.

The defendant also assigns error in the admission of certain photographs, taken at the scene, showing the location of the automobiles immediately after the accident, on the ground that the photographs were immaterial and irrelevant and might have a prejudicial effect on the jury. What we have said in regard to the prior assignment is determinative of this assignment. *State* v. *Taborsky*, 147 Conn. 194, 215. While the jury were out, the state informed the court it was going to offer certain photographs, and the defendant stated he objected for the reasons stated above. The court overruled the objection, stating, "You may have an exception." After the jury were recalled, the state proceeded to introduce the photographs, and the court remarked, "Well, why don't you agree on these photographs?" The defendant said, "I have no objection, they may go in, Your Honor." The objection made in the informal discussion, not having been renewed on the resumption of the trial, must be deemed waived. *Eamiello* v. *Piscitelli*, supra; *Seaboard Freight Line, Inc.* v. *Castro Electric Co.*, 132 Conn. 572, 573.

The defendant in his brief and argument did not press the assignment of error directed to the admis-

sion of certain testimony of a police officer, and therefore we consider it abandoned. Practice Book, 1963, § 1019.

The defendant also criticizes certain comments of the court—as being those of a prosecutor—in stating the reasons it was denying the motion to strike. No exception having been taken to these remarks, they are not properly before us. *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343; *Felix* v. *Hall-Brooke Sanitarium,* 140 Conn. 496, 502.

We have examined the record and are unable to discern any real probability of harm done to the defendant.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.