STATE OF CONNECTICUT *v.* STUART SMITH ET AL.

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued November 8, 1968—decided January 8, 1969

*Alfonse C. Fasano,* for the appellants (defendants).

*David B. Salzman,* assistant state's attorney, with whom, on the brief, were *George R. Tiernan,* state's attorney, *Richard P. Sperandeo* and *Robert K. Walsh,* assistant state's attorneys, for the appellee (state).

ALCORN, J. The defendants were tried to the court on an information charging them with the crime of aggravated assault in violation of § 53-16 of the General Statutes. They were convicted of the lesser crime of simple assault and have appealed from the judgment, assigning errors in the finding, in rulings on evidence, and in the ultimate conclusion of guilt.

The finding is not subject to correction in any material respect. From it, the facts, so far as material, may be summarized as follows. At about 12:30 a.m. on an August morning two sergeants of the Hamden police, not in uniform, were riding, in an automobile which bore no police identification, along a public street in Hamden. As they passed a gaso-

line filling station, they saw an unlighted automobile parked, with its motor running and its rear trunk lid open, near the gasoline pumps. The filling station was not open for business, but lights in the bay area and the station office were lighted. One of the defendants was walking from the station door toward the parked automobile, and the other stood at the rear of the car. The officers drove past the filling station, turned around and drove back, and stopped their car near the vehicle parked at the filling station. Both defendants were then standing beside the parked vehicle, the trunk of which was still open. One of the officers asked the defendant Stuart Smith why he and his companion were there, examined Smith's operator's license and the car registration, and then leaned over to look inside the open car trunk. As he did so, both defendants grabbed the trunk lid and pushed it down to close it, one of them saying, at the same time, that, if the officers wished to search the car, they should get a search warrant. The officer was struck a violent blow on the head when the lid was slammed down, and his head was cut. The other officer immediately arrested the defendants, and then the contents of the car trunk, consisting of a carton of "Win-A-Check" envelopes, a set of automobile marker plates, and what appeared to be a full face mask, were removed. The "Win-A-Check" envelopes are distributed by oil companies to promote the sale of gasoline.

The trial court concluded that the officer was not conducting a search by looking in the open trunk of the car; that the defendants intended to frighten and to harm the officer by slamming the lid of the trunk on his head; that there was no search and seizure of the contents of the car trunk until after, and as incident to, the arrest of the defendants; and that

both defendants committed a simple assault on the officer.

The defendants claim that their guilt was not established because proof was lacking of an intent to injure or harm the officer and that this was a necessary element of the crime of simple assault. They argue that they were justified in closing the car trunk in order to defeat an illegal search and that the injury to the officer was purely accidental when his head got in the way of the closing.

The issue thus raised is disposed of by the court's conclusions, which cannot be disturbed, that the defendants did intend to frighten and to harm the officer. Intent is a question of fact, the determination of which should stand unless the conclusion drawn by the trier is an unreasonable one. *Walter* v. *Home National Bank & Trust Co.*, 148 Conn. 635, 638, 173 A.2d 503; *State* v. *Nathan*, 138 Conn. 485, 488, 86 A.2d 322. A person's intention may be inferred from his conduct; *State* v. *Pallanck*, 146 Conn. 527, 531, 152 A.2d 633; *Kiernan* v. *Borst*, 144 Conn. 1, 6, 126 A.2d 569; and every person is conclusively presumed to intend the natural and necessary consequences of his acts. *Peerless Mfg. Co.* v. *Goehring*, 131 Conn. 93, 95, 38 A.2d 5. The court has found that, as the officer leaned forward to look in the trunk of the car, both defendants grabbed the lid of the trunk and slammed it down on his head. On these facts the conclusions that the defendants intended to frighten and to harm the officer were undeniably reasonable. The defendants' act amounted to a simple assault if either intent existed. See *State* v. *Pallanck*, supra; *State* v. *Penn*, 144 Conn. 148, 154, 127 A.2d 833; Perkins, "An Analysis of Assault and Attempts to Assault," 47 Minn. L. Rev. 71, 74.

The claim that the injury to the officer was the result of a justifiable resistance to an illegal search is without merit. As hereinafter stated, the officer's action in looking in the open trunk was not an illegal search, and, even if it had been an illegal search, neither defendant would be justified in employing the excessive force which was adopted as a means of resistance. *Hanauer* v. *Coscia,* 157 Conn. 49, 51, 244 A.2d 611; *Jenkins* v. *State,* 232 Md. 529, 534, 194 A.2d 618.

The rulings on evidence which are assigned as error have to do mainly with the admission into evidence of the items seen by the officer when he looked in the open trunk and which, after and in connection with the arrest, were removed from the car trunk. Objection was made, in substance, that the articles were not relevant and that they were obtained through an unlawful search and seizure. The trier has wide discretion in determining relevancy. *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639. It was not an unlawful search for the officer to see what was before him in plain view in the open car trunk. *Harris* v. *United States,* 390 U.S. 234, 236, 88 S. Ct. 992, 19 L. Ed. 2d 1067; *Ker* v. *California,* 374 U.S. 23, 43, 83 S. Ct. 1623, 10 L. Ed. 2d 726; *State* v. *Adinolfi,* 157 Conn. 222, 224, 253 A.2d 34; *State* v. *Allen,* 155 Conn. 385, 393, 232 A.2d 315. The arrest of the defendants, without a warrant, for an offense committed in the officers' presence was lawful. General Statutes § 6-49. The items taken from the trunk of the car, after and as incident to that arrest, were properly admissible in evidence. *State* v. *Hassett,* 155 Conn. 225, 232, 230 A.2d 553.

Error is assigned in one other ruling as a result of which one of the police sergeants was permitted to testify that "Win-A-Check" envelopes are ob-

tained through the purchase of gasoline. The objection voiced in colloquy between the court and counsel for the defendants seems to have been that the witness had not been shown to be qualified to answer the question and that the question was immaterial. The determination of the qualifications of an expert witness lies in the discretion of the trial court. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 280, 197 A.2d 73. Moreover, the ruling, even if it could be said to be erroneous, is not shown to have been harmful.

There is no error.

In this opinion the other judges concurred.