WALTER A. KIERNAN *v.* HARRY M. BORST

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 11—decided October 30, 1956

1

*Robert C. Danaher,* for the appellant (defendant).

No appearance for the appellee (plaintiff).

INGLIS, C. J.  On November 3, 1955, the defendant, Republican registrar of voters of the town of East Hartford, removed the plaintiff's name from the enrolment list of the Republican party in that town. From that action the plaintiff appealed to Hon. Francis C. Vignati, a judge of the East Hartford Town Court.  He rendered judgment ordering the defendant to restore the plaintiff's name to the party list, and from that judgment the defendant has appealed.

The finding is not subject to modification in any way beneficial to the defendant.  It sets forth the following material facts: The plaintiff has been a resident of East Hartford for about fifty years, is an elector, and for about forty years has been enrolled as a Republican.  At the election held in October, 1955, the Democratic nominee for president of the town council, the most important municipal office in the town, was John Torpey.  The plaintiff considered Torpey to be the best qualified candidate for the office and advocated by letter to the Hartford Courant and otherwise that the Republicans indorse him.  Between the date of the Republican town convention, September 12, and the date of the election, October 3, the plaintiff did nothing to assist the

Republican party to elect its candidates; on the contrary, he telephoned about ten persons to request them to vote for Torpey. Although the plaintiff at the election voted for most of the Republican candidates, he did not participate actively in the campaign as a party worker. After the polls closed on October 3, he rode in an automobile in the Democratic victory parade. Following the election, the defendant had served upon the plaintiff a notice of a hearing, called to determine whether the plaintiff's name should be stricken from the rolls of the Republican party. The hearing, which the plaintiff attended and at which he was given opportunity to speak and to present witnesses, was held on October 28. Shortly thereafter, the plaintiff was notified that his name had been removed from the rolls of the Republican party.

The trial judge reached the following conclusions: The plaintiff had the bona fide intention of affiliating with the Republican party. He was not affiliated with the Democratic party. He was supporting the principles and candidates of the Republican party and is entitled to have his name restored to the enrolment list of that party. The question to be decided is whether those conclusions were warranted upon the facts found.

The decision of the case is controlled by §§ 561d, 562d and 564d of the 1955 Cumulative Supplement to the General Statutes. Section 561d is entitled "Erasure for party disaffiliation." It provides that whenever the registrar of voters of any political party is of the opinion that any person on the enrolment list of that party is not in good faith a member of it, he shall cite that person to appear before him and the town or ward chairman of the party "to show cause why his name should not be erased from

such enrolment list. . . . If, at any such hearing, it appears to such registrar and such chairman . . . that it is not the bona fide intention of such person to affiliate with, or that such person is not affiliating with, such political party, and does not intend to support the principles or candidates of such party, his name may thereupon be erased from the enrolment list of such party." It was under this statute that the defendant took the action from which the plaintiff appealed.

Section 562d lists various acts which constitute prima facie evidence of party disaffiliation. They are enrolment in any other political party or organization, active affiliation with any other political party, knowingly being a candidate at any primary of another party, or being a candidate for office under the designation of another party, within two years prior to the date of the registrar's hearing.

The present action is authorized by § 564d, entitled "Appeal from decision of registrars." This section provides that any elector who is aggrieved by the removal of his name from an enrolment list may, within ten days after the removal, "bring a petition before any judge of the superior court or court of common pleas, or to a judge of any municipal court having equitable jurisdiction in the town wherein the case arises, setting forth that the name of the petitioner has been unjustly or improperly removed from such list." The section provides further that if, upon due hearing, the judge finds that the petitioner is entitled to relief, "such judge shall issue an order directing such registrar . . . to forthwith restore the name of such elector to the list from which it was removed."

Although denominated an appeal in the title of this section, the proceeding authorized is not in

reality an appeal from an administrative officer in the ordinary sense. It is rather an action in the nature of a mandamus to compel the performance of a public duty. This is apparent both from the fact that in the body of the statute the proceeding is referred to as a petition and also from the fact that the judgment to be rendered, if it is in favor of the petitioner, is to be an order directing the registrar to restore the petitioner's name to the list. It follows that the issue to be decided by the trial judge is not whether the registrar has acted arbitrarily and in abuse of a discretion, as it is in the ordinary appeal from an administrative officer. The question presented on the hearing of a petition under § 564d is whether the plaintiff is entitled as a matter of right to have his name restored. *In the Matter of Gilhuly's Petition,* 124 Conn. 271, 277, 199 A. 436. On this issue the burden of proof rests with the plaintiff. Id., 281.

The statutes relating to the preparation of party enrolment lists by the registrars (Cum. Sup. 1955, §§ 553d, 555d, 557d) make it plain that any elector has a legal right to be enrolled on the list of the party of his choice so long as he in good faith intends to affiliate with that party. *In the Matter of Gilhuly's Petition,* supra, 279. The phrase "intention ... to affiliate" is used in § 561d as synonymous with an intention to support the principles and candidates of the party. Accordingly, if the plaintiff in the present action proved by a fair preponderance of the evidence that he intended in good faith to continue his affiliation with the Republican party and to support its principles and candidates, the judgment rendered in his favor was correct.

It is to be noted that the plaintiff had not committed any of the specific acts which under § 562d

would have created a presumption that he was not affiliated with the Republican party. He had not enrolled in another party. He had not been actively affiliated with any other party. The most he had done was to advocate the election of a single candidate of another party. He had not been a candidate for nomination by another party or a candidate on another party's ticket. It was therefore open to the trial judge to decide on all the evidence whether the plaintiff in good faith intended to affiliate with the Republican party. A person's intention in any regard is to be inferred from his conduct. The mere fact that the plaintiff was resisting the removal of his name from the Republican list would support an inference that he intended to affiliate with that party. There had been nothing in his conduct which would necessarily negate that inference. True, he had been very active in promoting the candidacy of a nominee of an opposing party. But surely it is not intended by the statute that an elector who occassionally supports a candidate of another party thereby manifests an intention not to affiliate with the party of which he is a member. The statute requires nothing more than that the elector support the principles of the party in which he claims enrolment and customarily, but not exclusively, support its candidates. In the same way, the fact that the plaintiff joined the Democratic victory parade does not compel the inference that he did not intend to affiliate with the Republican party. On all the facts found by the trial judge, we cannot say that his conclusion that the plaintiff in good faith intended to affiliate with the Republican party and support its principles and candidates was unwarranted. The plaintiff, therefore, was entitled to the order prayed for in the petition.

There is no error.
In this opinion the other judges concurred.