This action was brought by the plaintiffs under § 9-63 of the General Statutes, "Appeal from decision of registrars," against the defendant, Democratic registrar of voters of the city of Bristol, for an order to restore the plaintiffs' names to the caucus list of the Democratic party from which the defendant had removed them pursuant to § 9-61 of the General Statutes, "Prima facie evidence of party disaffiliation."
On August 21, 1973, the plaintiff Longo was the incumbent Democratic mayor of Bristol. On that date, the Democratic town committee held a meeting to endorse candidates for the coming election. None of the plaintiffs except Richard J. Sweeney and Walter E. Siel was endorsed by the town committee. Thereafter, the other plaintiffs proceeded, under the state primary laws, to circulate petitions for a primary to be held on September 24, 1973. In the meantime, Longo and others circulated petitions for the formation of an independent organization, and all the plaintiffs were endorsed to run on the independent ticket. At the primary held September 24, 1973, all plaintiffs won, and thus the plaintiffs would appear on the November 6, 1973, ballot both as Democrats and as independents.
On October 17, 1973, the defendant, pursuant to § 9-60 of the General Statutes, "Erasure for party disaffiliation," sought to disaffiliate Longo, solely. The ground for the defendant's proposed action was that, after the primary, Longo had announced his *Page 91 
support of two enrolled Democrats who failed to win the primary and who were also candidates on the independent ticket. The town chairman, at this meeting, did not agree with the defendant, and thus Longo retained his enrollment with the Democratic party.
The defendant then proceeded to disaffiliate all the plaintiffs pursuant to § 9-61, although he was advised by the town counsel that he was acting illegally and improperly. The defendant proceeded to erase the names of the plaintiffs from the Democratic party list on or about October 26, 1973. The defendant then scheduled a hearing on October 31, 1973, at which all the plaintiffs appeared with counsel. This hearing was terminated when counsel claimed that the notices were improper. The defendant then proceeded to have proper notices served for a hearing to be held November 5, 1973. The plaintiffs, with counsel, appeared and protested the actions of the defendant. After the hearing, the defendant refused to restore the plaintiffs' names to the enrollment list, with which decision the town chairman did not agree. Thus the names remained stricken, as joint action was required.
This action is in the nature of mandamus. In order to sustain grounds for restoration, the burden rests on the plaintiffs to show cause. The main issue is whether the defendant acted properly and lawfully, under § 9-61, in removing the plaintiffs' names from the Democratic enrollment list. In § 9-61, certain acts are set forth the doing of which "shall be prima facie evidence that any elector committing any such act is not affiliated with the party upon the enrollment list of which his name appears and that such elector does not intend to longer affiliate with such party or organization; and, upon reasonable proof of the commission of any one of such acts, the name of any such elector may be *Page 92 
stricken from such list. If the name of any elector appears on the ballot label at an election only under a party designation other than that of the party with which he is enrolled ... such name shall be removed...." At this point it should be noted that the defendant at all times acted solely on his own and never with the support of the town chairman or the town counsel and that the plaintiffs protested the defendant's actions. There was ample evidence to show a certain animosity of the defendant toward Longo.
The plaintiffs offered ample evidence to rebut any prima facie presumption of disaffiliation from the Democratic party. All of the plaintiffs had for years been affiliated with the Democratic party, had contributed their time, efforts and moneys to the party, and had generally supported its candidates and its principles. Some had held office under the Democratic party. All of the plaintiffs sought and won the endorsement of the Democratic party in the 1973 election. The words of § 9-61, "at an election only under a party designation other than that of the party with which he is enrolled" make it clear that the legislature intended that a party could run on a dual ticket.
The mere fact that Longo supported people on the independent ticket who were not also on the Democratic ticket is not sufficient grounds for his disaffiliation. Kiernan v. Borst, 144 Conn. 1.
From all the evidence, it appears that throughout their years as enrolled members of the Democratic party the plaintiffs have served their party well and that they intend to continue to do so. In view of the fact that most of the candidates on the independent ticket were registered Democrats, of the fact that each of the plaintiffs reaffirmed, in court, his intention to continue his support of the principles *Page 93 
and candidates of the Democratic party, of the fact that no one of the plaintiffs has enrolled or intends to enroll as a member of any other political party, and of the fact that each of the plaintiffs has resisted the removal of his name by bringing action, thus inducing an inference as to his intent to continue his affiliation with the Democratic party, it appears conclusive to the court that the plaintiffs have sustained their burden of proof and are entitled to their relief.
 Therefore, it is ordered by the court that the defendant, as the Democratic registrar of voters in and for the city of Bristol, forthwith restore to the enrollment list of the Democratic party the names of Frank J. Longo, Sr., Richard J. Sweeney, Walter E. Siel, Albert S. Careb, Alex F. Kaminsky, Robert J. Lincoln and Patrick H. McFadden.