[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Exercising its right articulated in § 4-183 of the General Statutes, plaintiff Corona's Auto Parts appeals from a decision of the defendant Commissioner of Motor Vehicles. The decision was issued pursuant to § 14-64 of the General Statutes, which authorizes the Commissioner to impose civil penalties in order to enforce certain reporting requirements. The decision followed a hearing held on October 26, 1993. The decision was stayed pending this appeal. The court remands this matter to the agency.
In the administrative proceeding, the Commissioner charged the plaintiff with violating § 14-150(i) of the General Statutes which requires towing operators to notify the Commissioner within forty days that a motor vehicle has been placed in storage with the operator. The Commissioner also charged that the plaintiff violated § 14-64(4) of the General Statutes which prohibits false statements "as to the condition, prior ownership or prior use" of a motor vehicle by reporting a date of storage of April 1, 1993. CT Page 7845
The Commissioner of Motor Vehicles initiated these charges in carrying out its responsibility to administer § 14-150 of the General Statutes. "The statute provides a means for those assisting the state in the towing and storage of abandoned vehicles to recover the costs of their services." Dutch Point Credit Unionv. Caron Auto Works, 36 Conn. App. 123, 129, 648 A.2d 882 (1994). The statutory scheme also affords some protection for owners and lienholders of such vehicles. See id. By establishing a public record of the towing and storage of abandoned vehicles it allows towing operators and owners and lienholders to have notice of the action taken and thereby to limit their liabilities or exposure for unpaid towing or storage charges.
Much of the factual history in this matter is undisputed. A 1989 Jeep Cherokee vehicle, VIN IJFJ7818K1539444, was towed to Corona's Auto Parts, Inc. on or about November 28, 1992. The vehicle remained at Corona's from that date to the present. The hearing officer also found, and the plaintiff does not contest, that the plaintiff did not notify the Commissioner that the vehicle was placed in storage within forty days of November 28, 1992. Rather, the hearing officer concluded, "[o]n or about May 10, 1993, the [plaintiff] licensee filed an H-100 form with the Department . . . in which it was represented that the subject vehicle had been placed in the custody of said business on or about April 1, 1992 [sic]." Coronas Auto Parts, Inc., Case No. 93/1058, Decision of Hearing Officer, dated 12/7/93, p. 2
The plaintiff testified that the Jeep's owner had claimed and subsequently "unclaimed" or abandoned the vehicle approximately four months after the towing, thereby justifying the April 1, 1993 reporting date. The Commissioner did not credit this testimony in his findings. Rather, the Commissioner concluded that the plaintiff had failed to report as required by § 14-150(i). The Commissioner also concluded that: "the licensee filed a report (H-100) regarding the above described vehicle with false information to the Commissioner of Motor Vehicles namely the date this vehicle was placed at the licensed facility (4/1/93) for storage and/or repair was not the true date." id.
Consequently, on December 7, 1993, the Commissioner ordered that: "Coronas [sic] Auto Parts pay a civil penalty of $3000 or, in the alternative, release the 1989 Jeep Cherokee free and clear of storage charges and expenses within forty-five days of the decision." id, p. 3 CT Page 7846
The Commissioner also ordered that the plaintiff's license be suspended if it should fail to comply with the order.
The plaintiff raises two issues on appeal: First, the plaintiff claims that it did not violate § 14-150(i) because the Jeep's owner claimed the vehicle and subsequently abandoned it effective April 1, 1993, thus rendering the plaintiff's May 10, 1993 filing timely under § 14-150(i). Second, the plaintiff claims that, strictly construed, § 14-64(4)'s prohibition of a "false statement as to the condition, prior ownership or prior use" of a vehicle does not prohibit the plaintiff's erroneous report of the date of custody. In support of its second claim, the plaintiff raises two arguments: first, the plaintiff contends that the report of a date of custody is not a "statement as to the condition . . . of any motor vehicle, " and, second, citing Paul Bailey's v.Commissioner of Motor Vehicles, 167 Conn. 493, 498, 356 A.2d 114
(1973), the plaintiff argues that it cannot be convicted of violating § 14-64(4) unless the Commissioner has established that the plaintiff's filing was made with the intent to deceive.
The plaintiff appeals under § 4-183 of the General Statutes which strictly limits this Court's review: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ." General Statutes § 4-183(j). SeeConnecticut Light Power Co. v. Department of Public UtilityControl, 219 Conn. 51, 57-8, 591 A.2d 1231 (1991); Lieberman v.State Board of Labor Relations, 216 Conn. 253, 261,579 A.2d 505 (1990); Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452, 545 A.2d 1064 (1988).
The plaintiff's first issue on appeal is a challenge to the Commissioner's factual findings. Relying on Mr. Corona's testimony that the owner had claimed and then later abandoned the vehicle, the plaintiff asks this court to conclude that the Commissioner erred in finding that the vehicle was not claimed by the owner. CT Page 7847
Under the standard specified by § 4-183(5): "if the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co. v.Carrothers, 218 Conn. 580, 601, 590 A.2d 447 (1991).
An administrative finding is supported by "substantial evidence" if the record contains "a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Lawrence v. Kozolowski, 171 Conn. 705,713, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930,53 L.Ed. 1066 (1977). "Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule. . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's assessment of the credibility of the witnesses and to the right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." (Citations and internal quotation marks omitted.) Briggs v.State Employees Retirement Commission, 210 Conn. 214, 217,554 A.2d 292 (1989).
Applying this standard to the first violation found by the hearing officer in this case, this court concludes that the hearing officer was entitled not to credit Mr. Corona's testimony and to infer that the Jeep had not been claimed by the owner from the fact that the Jeep had not been returned to the owner by March, 1993 and remained in the plaintiff's possession. The hearing officer was also entitled to infer that the required filing was not made within forty days of November 28, 1992 from the fact that the filing was not made until May 10, 1993. Accordingly, the hearing officer's conclusion that the plaintiff violated § 14-150(i) must be affirmed and the appeal as to this issue must be denied.
The plaintiff's first argument in support of its second claim is that the report of a date of custody is not a "statement as to the condition . . . of any motor vehicle." The statute, however, applies to any "statement as to the condition, prior ownership, or prior use of any motor vehicle." "Custody" means "control or care." Ballentine's Law Dictionary, 3rd ed. (1969). "Use" means "enjoyment of" or "possession." id. "Custody" is manifestly a "use" of the vehicle involved.
Plaintiff's second argument is that the hearing officer made CT Page 7848 no finding that the plaintiff's erroneous filing was made with any intent to deceive. In the absence of such a finding, the plaintiff contends that the Commissioner cannot conclude that the information filed was "false." In response, the defendant concedes that PaulBailey's v. Commissioner of Motor Vehicles, 167 Conn. 493, 498,356 A.2d 114 (1973) requires such a finding. In an effort to comply with the Supreme Court's holding, the Commissioner argues that this court should itself make the requisite finding by inferring the plaintiff's intent from the fact that the vehicle was in the plaintiff's custody and the fact that the plaintiff demanded storage charges.
"A person's intention in any regard, is to be inferred from his conduct." Kiernan v. Borst, 144 Conn. 1, 6, 126 A.2d 569 (1956); see also State v. Sober, 166 Conn. 81, 92-3, 347 A.2d 61 (1974);State v. Patterson, 213 Conn. 708, 721, 570 A.2d 174 (1990). "Ordinarily, intent can be proven only by circumstantial evidence."State v. Sul, 146 Conn. 78, 87, 147 A.2d 686 (1958); see also Statev. Vilalastra, 207 Conn. 35, 42, 540 A.2d 42 (1988).
Nonetheless, under the UAPA this court does not function as a fact-finder on appeal. Field v. Goldberg, 42 Conn. Sup. 306, 322,618 A.2d 80 (1991). Therefore, this matter must be remanded to the Commissioner of Motor Vehicles."
DONALD C. POGUE, JUDGE