[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
FACTS
Acting pursuant to § 9-60 of the Connecticut General Statutes the democratic registrar of voters, Janet Cianelli, removed five enrolled democrats from the democratic party enrollment list after a hearing which was procedurally in accord with § 9-60. Notice of the disenrollment was mailed on January 5, 1996. On January 10, 1996, the five petitioners challenged the validity of their erasure from the democratic rolls claiming the right to initiate such challenge under § 9-63 of the Connecticut General Statutes.
Section 9-63 allows a person whose name is erased from party roles following a hearing to file a petition with the Superior Court within ten days of the erasure. That petition must be to a return date which is not more than six days from the date of the petition and the petition must be served on the registrar at least four days before the return date thereof.
The parties appear to agree that the return date in the present case was January 16, 1996. The sheriff's return makes it clear that the registrar of voters was served on January 15, 1996.
In instituting the present action the petitioners sought two distinct remedies. They sought a review of their erasure pursuant to § 9-63 and they also sought a temporary injunction pending CT Page 2739 a final hearing on the matter. The petitioners sought and were denied an ex parte injunction but were granted a show cause order for that temporary injunction by the Honorable Bruce Thompson on January 12, 1996. Judge Thompson ordered service of the show cause; order for the temporary injunction not later than January 16, 1996 and ordered the defendant registrar to appear in courtroom 5-D at the Judicial District of New Haven at 9:30 a.m., on January 22nd, to show cause why a temporary injunction should not issue.
On January 16, 1996, Attorney Hugh Keefe appeared for the defendant registrar of voters. On January 24, 1996, Attorney Keefe filed a motion to dismiss the action claiming subject matter and/or personal jurisdictional defect.
At the hearing on the temporary injunction, this court denied the registrar's motion to dismiss on jurisdictional grounds, and issued the temporary injunction to preserve the status quo. The denial was specifically made without prejudice to the right of the registrar to renew the motion to dismiss at the time of the hearing on the permanent injunction.
The petitioners fail to distinguish between their application for a temporary injunction, which was served in a timely manner in accordance with Judge Thompson's order, and their petition under § 9-63 which was served one day before the return date rather than the required four days. It does not appear to this court that anything which Judge Thompson did in any manner affects the validity or invalidity of the service of the § 9-63
petition.
The decision on erasure was made or at least mailed on January 5th. Accordingly, an appeal pursuant to § 9-63 was permissible from January 5th until January 16th because of the January 15th holiday. The return date could have been between January 5 and January 22 depending on when the petition was brought. The petitioners argue that their return must be on a Tuesday citing General Statutes § 52-48. It is true that § 52-48 mandates that process in civil actions may be made returnable on any Tuesday in any month. Assuming without deciding that the Tuesday return date is applicable to returns under the special rules of 9-63, the return could have been appropriately made on Tuesday, January 16th. There would appear to be no reason that service could not have been made at least four days prior to January 16th. In fact, the petition was dated January 10th and if CT Page 2740 service had been made on the registrar on the 10th or 11th it would have clearly complied with § 9-63 and provided the requisite four days notice.
The registrar, citing cases such as Simko v. Zoning Board ofAppeals, 205 Conn. 413-419 (1987); Valley Cablevision Inc. v.Public Utility Commission, 175 Conn., 30, 35 (1978) andBasilicato v. Department of Public Utility Control, 197 Conn. 320
(1985) asserts that the failure to comply with the citation and service requirements of special statutory actions deprives the court of subject matter jurisdiction. The petitioner's counter that the court is deprived of subject matter jurisdiction only in those special statutory actions which are administrative appeals. The petitioners cite Middlesex Mutual Insurance, Co. v. Clinton,38 Conn. App. 555, 565 (1995) for the proposition:
 "Our precedents make it abundantly clear that, except in the special circumstances of administrative appeals, defects in process do not derive a court of subject matter jurisdiction."
This action is not an administrative appeal. The Supreme Court in considering § 561d, 1995 Cumulative Supplement [Erasure for party disaffiliation, the predecessor to this section] specifically held:
 "This section provides that any elector who is aggrieved by the removal . . . may, within ten days after the removal," bring a petition . . . ."
 Although denominated an appeal in the title of this section, the proceeding authorized is not in reality an appeal from an administrative office in the ordinary sense." Kiernan v. Borst, 144 Conn. 1, 4, 5 (1956).
The petitioners further rely on In Re Gilhuly, 124 Conn. 271
(1938) for the proposition that a § 9-63 petition is in the nature of a mandamus and hence that a judge exercises judicial as distinguished from administrative or executive power.
The petitioners then proceed to the uncontested proposition that a personal jurisdictional defect may be waived by a defendant. They cite In Re: Baby Girl B., 224 Conn. 264, 292
CT Page 2741 (1992) for the proposition that:
 "a party may waive its objection to a trial court's erroneous exercise of personal jurisdiction if that party generally appears in the case and actively prosecutes the action or contests the issues."
The petitioners assert that the defendant appeared before the court on the date designated on the show cause order, that the defendant asked for and received a continuance, the defendant submitted to the court's entrance of a temporary injunction and that the defendant should not now be provided an opportunity to dismiss for lack of personal jurisdiction after receiving "beneficial orders."
The defendant appeared by counsel on January 16th, requested a continuance at the special proceedings list of January 22nd, filed its motion to dismiss on January 24th, and argued it at the hearing on the temporary injunction.
The court finds that the defendant did no more than comply; with the show cause order issued by the court and appear at a mandatory hearing on a temporary injunction. In Re: Baby Girl B.
is a case involving a motion to reopen a judgment of termination of parental rights and therefore cannot be fully compared to the institution of a new action in which a motion to dismiss is filed within the time allowed by the Practice Book. Moreover the court in Baby Girl B. found that the complaining party had waived its objection to personal jurisdiction because the party had, without reserving objection, filed a "pervasive amendment to its original petition in the case and had participated in extensive evidentiary hearings pursuant to that amended petition." The court held that the active and ongoing participation in the case by the objecting party prevented it from later raising an objection to personal jurisdiction. The actions of the defendant in the instant case fall far short of the participation by the defendant in In Re: Baby Girl B.
It is the holding of the court that the special statutory procedure set forth in § 9-63 is not an administrative appeal. Consequently the failure to serve four days prior to the return date does not implicate subject matter jurisdiction.
However the court further finds that there is an absence of CT Page 2742 personal jurisdiction because of the failure to serve in a timely manner. In Castro v. Viera, 207 Conn. 420, 433, 434 (1988) a case concerning § 31-275 et seq. [the Workers' Compensation Act] the court held "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." The defendant registrar has challenged the absence of jurisdiction in a timely manner and without extensive proceedings sufficient to constitute a waiver.
Accordingly, the petition for restoration of names onto the democratic party enrollment list is dismissed for lack of personal jurisdiction. The temporary injunction previously issued by this court in aid thereof is vacated.