## STATE vs. EDWARD BAKER.

### PROVIDENCE—NOVEMBER 9, 1897.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

Firing a pistol in the direction of another, with the intention of frightening him, or with the intention of wounding him, are equally assaults.

The criminal law looks at the intent of the act, but the intent may be inferred from the act.

An assault is any unlawful attempt or offer, with force and violence, to do a corporal hurt to another, whether from malice or wantonness. The offence may also consist in putting another in fear of violence.

To constitute an assault with a dangerous weapon it is necessary that the weapon should be presented at the party intended to be assaulted, within the distance at which it may do execution.

It is not necessary, to constitute an assault with a dangerous weapon, under Gen. Laws, cap. 277, § 19, that a battery should follow ; only that the *assault* be made with a dangerous weapon.

PETITION for new trial of an indictment.

TILLINGHAST, J. The defendant, who has been found guilty of committing an assault with a dangerous weapon upon Jerry G. Fournier, petitions for a new trial, on the grounds : (1) That the presiding justice erred in refusing to give the following instruction to the jury, viz.: "If the jury believe from the testimony that the defendant fired the pistol for the purpose of scaring Mr. Fournier, and for no other purpose, the defendant was not guilty of an assault with a dangerous weapon, as charged in the indictment, but only guilty of a simple assault." (2) That the verdict was against the evidence and the weight thereof. (3) That the verdict was against the law. And (4) that the defendant has discovered new evidence material to the issue in said case, since the trial thereof, that he could not have discovered by the exercise of reasonable diligence prior thereto.

The witnesses on the part of the State testify, substantially, that on the 15th day of December, 1896, at East Providence, in this county, at about 12 o'clock in the day-time, while said Fournier was engaged in attending to some work in his yard, the defendant, who had a grudge against him, came to the

fence, drew a loaded revolver from his pocket, and deliberately fired the same into said yard, in the direction of the place where said Fournier was standing, which was about sixty feet away, the ball striking a tree in the rear of him, but fortunately doing no harm. Fournier testifies that he heard the whistle or whizz of the ball as it passed him. At the time of the shooting Fournier's back was towards the defendant, so that he did not see him, or know of his presence until after the shot was fired. There is also evidence, on the part of the State, that the defendant had had trouble with Fournier, and that he had on several occasions, within a day or two previous to the occurrence in question, threatened to shoot him, or words to that effect, and there is also evidence that the defendant admitted, after the shooting, that he shot at the said Fournier. Franklin Monroe, the sergeant of police, who arrested the defendant, testifies that, in a conversation with defendant after his arrest, he said: "I did shoot at him—I shot at him with lead." To another officer he stated that he shot at Fournier to scare him, and that the next time he would fill him full of lead.

The defendant testifies that he fired the pistol in the air, for the purpose of scaring Fournier, and not with any intention of assaulting him; that Fournier had annoyed him considerably, and he thought he would just fire off the pistol and see what he said.

The court, Douglas, J., charged the jury, amongst other things, that "firing such a weapon intentionally in the direction of another person is assaulting him; and, therefore, the defendant, if he intentionally did this act, is guilty of the offence charged. His defence is that he did not intend to wound the citizen, but only to scare him. . . . . . Firing a pistol in the direction of another, with the intention of frightening him, or with the intention of wounding him, are equally assaults. If a wound ensues, that would give rise to a civil action for assault and battery. The criminal law looks at the intent of the act, and, if the intent is either to bruise, wound or frighten, it is the same so far as the crime is concerned. There must be an intent to commit an assault, or

else there can be no assault. Committing an assault need not be wounding. It may consist in frightening, as well. Now the defendant himself tells you that he did not intend to wound, but he did intend to frighten. He tells you that he fired the pistol, and whether he fired it in the direction of this man or not is for you to determine on all the evidence in the case. . . . . He himself does not deny that he pointed it in the direction, but says he fired it in the air—whatever that may mean. But he does say that he intended to scare this man. . . . . Have you any reasonable doubt that the defendant fired this pistol in the direction of the man he is charged with firing it at, either to wound or to scare? If the evidence convinces you of this, then the defendant is guilty. . . . . You have simply to ask yourselves this question: does the evidence convince you that the defendant fired the pistol at, or in the direction of, the person named, with the intention of either wounding him or frightening him; and what the intention was, gentlemen, you have a right to infer from the act. If a man fires a pistol in the direction of another person it is a fair inference, unexplained, that the act had some reference to the person that the pistol was pointed at, and the natural motive is the motive which you have a right to attribute to the person who commits the act." The court also charged the jury, in compliance with the defendant's request, "That the jury must find from the testimony that this defendant fired the pistol with the intention of committing an assault upon Mr. Fournier, before they can find a verdict of guilty as charged in the indictment." ·

We think the court fairly and substantially stated the law applicable to the case. An assault, as ordinarily defined, is any unlawful attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness. The offence may consist, also, in putting another in fear of violence. Thus it is said by Mr. Bishop that "An assault is any unlawful physical force, partly or fully put in motion, creating a reasonable apprehension of immediate physical injury to a human being." 2 Bish. Cr. L. § 23. And see *State* v. *Gorham*, 55 N. H. 152. In Rapalje's Law Dic.,

under the word "assault," both definitions are recognized. To constitute an assault with a dangerous weapon it is necessary that the weapon should be presented at the party intended to be assaulted, within the distance at which it may do execution.    1 McLain Crim. Law, § 232 (p. 199), and cases cited in note 4.    There is evidence that that was done in this case ;—that the defendant stood at the fence and deliberately fired a pistol at or in the direction of the complainant, who was about sixty feet away, the ball just missing him, as before stated.    But the defendant says he did not intend to hit him, but only to scare him.    Assuming this to be true, as we must do in order to sustain the refusal to charge as requested, did it constitute an assault with a dangerous weapon under the statute ?    We think it did. The act of firing the pistol at the complainant, or in the direction where he was standing, with the intent to frighten him, was not only wholly inexcusable, but unlawful and reckless as well.    It was an act which was well calculated to inflict serious personal injury ; and from such an act the law implies malice.    That it was an assault the defendant's counsel did not deny ; but he contends it was not an assault with a dangerous weapon.    Let us see.    There was an assault— this is admitted.    It was made with a loaded pistol.    A loaded pistol is a dangerous weapon.    Without the use of the pistol there would have been no assault.    It logically as well as necessarily follows, therefore, that the offence committed was that of an assault with a dangerous weapon.    The statute under which the indictment was found, Gen. Laws R. I. cap. 277, § 19, reads thus :    "Every person who shall make an assault, or battery, or both, with a dangerous weapon, shall be imprisoned not exceeding two years."    It will thus be seen that it is not necessary, in order to constitute the offence, that any bodily hurt should be inflicted — that is, that any battery should follow — but only that the *assault* should be made with a dangerous weapon.

Amongst the cases which hold that it is an assault to point a loaded weapon at a person, or to recklessly fire a pistol in the direction of another, see *Morgan* v. *State*, 33 Ala. 414 ;

*United States* v. *Kierman*, 3 Cranch, C. Ct. 435 ; *State* v. *Shepard*, 10 Iowa, 130 ; *Crow* v. *State*, 41 Tex. 471–2 ; *Meader* v. *Stone*, 7 Met. 151.

We think there is sufficient evidence to sustain the verdict.

The other grounds upon which a new trial was claimed not having been urged at the bar, there is no occasion for us to consider them.

Petition for a new trial denied, and case remitted to the Common Pleas Division for sentence.

*Willard B. Tanner, Attorney-General, and Charles F. Stearns, Assistant Attorney-General,* for the State.

*Charles H. Page, and Charles H. Page, Jr.,* for defendant.