**432**

STATE

v.

Constance Eileen CHAPLOW.

No. 80–68–C.A.

Supreme Court of Rhode Island.

March 24, 1982.

Reargument Denied April 29, 1982.

Dennis J. Roberts II, Atty. Gen., Michael McEntee, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Chief Appellate Atty., Providence, for defendant.

OPINION

MURRAY, Justice.

On July 11, 1979, Constance Eileen Chaplow (defendant) was charged by information with possession of a controlled substance with intent to deliver and with delivery of a controlled substance. After a trial in the Superior Court, a jury returned a verdict of guilty on both counts. The case is before us now on the defendant's appeal from the judgment of conviction entered on that verdict.

The facts underlying defendant's conviction are essentially undisputed. A police informant, Donna Campisano (Campisano), arranged for Joan Gamble (Gamble), an undercover agent for the Rhode Island Division of Drug Control, to purchase a quantity of marijuana from defendant. On October 25, 1978, Campisano and Gamble went to defendant's apartment, where Gamble purchased a bag of marijuana for $23.

The details of the purchase were, however, the subject of conflicting testimony. Gamble testified that there had been marijuana seeds and cigarette-rolling papers on a table in the living room and that defendant had asked her and Campisano if they cared to smoke a joint. Gamble also testified that defendant had conducted the entire transaction—including the negotiation of the price—with no assistance on the part of the informant Campisano.

The defendant's testimony presented a very different account of her role in the drug sale. She claimed that Campisano, who admitted being paid by the police for her assistance in arranging illicit drug transactions, had supplied her with the marijuana a few days earlier. The defendant agreed to keep the marijuana at her home until Campisano came with a purchaser for

it. The defendant was then supposed to transact the sale on behalf of Campisano and turn the money over to her later.

The defendant denied that there had been any marijuana seeds or rolling papers in her living room. She also asserted that Campisano had in fact participated in the sale by nodding her approval of the price defendant had negotiated.

In support of her defense of entrapment, defendant offered to testify that she was medically unable to ingest any kind of drug. After hearing her offer of proof, the trial justice refused to allow the testimony.

The defendant's first claim of error is quickly resolved. Convicting defendant of both delivery of a controlled substance and possession with intent to deliver is a clear violation of the constitutional proscription against double jeopardy. *State v. Bracero*, R.I., 434 A.2d 286 (1981); *State v. Anil*, R.I., 417 A.2d 1367 (1980). The defendant's conviction on the count of possession with intent to deliver is accordingly reversed.

The defendant also claims that the trial justice committed reversible error by refusing to allow her to testify about her medical condition. The defendant urges that her physical intolerance to drugs of any kind was relevant on the questions of predisposition and entrapment.

It is well established that the determination of relevancy of evidence is addressed to the sound discretion of the trial justice and his decision will only be reversed for an abuse of that discretion. *See State v. Pemental*, R.I., 434 A.2d 932, 937 (1981); *State v. Byrnes*, R.I., 433 A.2d 658, 675 (1981); *State v. Camerlin*, 116 R.I. 726, 729, 360 A.2d 862, 865 (1976). The trial justice in the case before us refused to allow the defendant's testimony about her nonuse of drugs with the observation: "She's not accused of using marijuana. She's accused of selling." The defendant's arguments notwithstanding, we find no abuse of discretion in this ruling.

The defendant's appeal is granted in part and denied in part. The judgment of conviction on count 1, possession of a controlled substance with intent to deliver, is vacated. The judgment of conviction on count 2, unlawful delivery of a controlled substance, is affirmed; and the case is remanded to the Superior Court for further proceedings in conformity with this opinion.