STATE

v.

Tasi F. PULE.

No. 80–137–C.A.

Supreme Court of Rhode Island.

Dec. 21, 1982.

Dennis J. Roberts II, Atty. Gen., John E. Migliaccio, Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst (Chief, Appellate Div.), Janice M. Weisfeld, Asst. Public Defenders, for defendant.

## OPINION

WEISBERGER, Justice.

The defendant, Tasi F. Pule, appeals from a judgment of conviction for manslaughter in the Superior Court. An indictment charged the defendant with second-degree murder for the stabbing death of James Hathaway. After trial, a Superior Court jury found Pule guilty of manslaughter. On appeal the defendant argues that the trial justice erred in admitting into evidence a threatening statement that the defendant made approximately eight weeks prior to the homicide. We affirm.

This case involves a classic "love triangle" scenario. James "Ronny" Hathaway (Hathaway) and Tasi "Fuji" Pule (Pule) had been friends for two or three years prior to Hathaway's death. They drank together and lived in the same apartment building. In addition, each man eventually became entangled in a romantic liaison with Gloria Moors (Moors).

Moors met Pule in June 1978 and moved in with him in November 1978. In January 1979 Moors left Pule because she and Hathaway had become romantically involved. Shortly thereafter, Pule persuaded Moors to return to his apartment. He told Moors that if she had stayed with Hathaway, he would have killed both of them. Despite this threat, Moors lived with Pule until early March 1979. At that point, she again left Pule and moved into Hathaway's apartment. Subsequently, she returned to Pule's apartment, accompanied by Hathaway, to retrieve her clothing.

Initially, Pule and Hathaway began to scuffle outside Hathaway's apartment, but the fighting ceased when Pule complained about a neck injury. The trio then climbed the stairs to the entrance of Hathaway's

apartment. Once they entered the apartment, the fight between Pule and Hathaway resumed. Pule grabbed a butcher knife from the kitchen sink, chased Hathaway into the hallway, and stabbed him fatally.

At trial, the prosecutor attempted to examine Moors about a threat uttered by Pule seven or eight weeks prior to the homicide. Arguing that the threat was irrelevant and prejudicial, defense counsel objected. The trial justice, however, determined that the probative value of the statement outweighed its prejudicial effect. He therefore allowed the testimony. The only issue on appeal is whether this ruling constituted an abuse of discretion on the part of the trial justice.

█ It is a well-established principle that the prosecution cannot introduce evidence of an accused's bad character unless and until the accused offers evidence of his or her good character. *McCormick's Handbook of the Law of Evidence* § 190 at 447 (2d ed. Cleary 1972); *see Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Evidence of an accused's prior criminal acts is the most prejudicial type of character evidence. Such evidence may lead the jury to convict the accused solely because he or she is a bad person. *McCormick's Handbook of the Law of Evidence,* § 190 at 447. This court has acknowledged that "[a] person should not be convicted of a crime because he has committed other crimes for which he has not been punished." *State v. Colvin,* R.I., 425 A.2d 508, 511 (1981).

The defendant characterizes his threatening statement to Moors as a prior criminal act. He concedes that this court has articulated a recognized exception to the traditional exclusionary rule; namely, evidence of prior criminal acts may be used to prove "guilty knowledge, intent, motive, design, plan, scheme, system, or the like * * *."

*State v. Colangelo,* 55 R.I. 170, 174, 179 A. 147, 149 (1935); *see State v. Sepe,* R.I., 410 A.2d 127, 130 (1980). Indeed, the prosecutor argued before the trial justice that Moors' testimony about the threat was relevant to Pule's motive for the slaying. The defendant asserts, however, that evidence of motive is irrelevant to the mere momentary premeditation necessary for second-degree murder. *See State v. Page,* 104 R.I. 323, 334, 244 A.2d 258, 264 (1968). Moreover, defendant relies on *State v. Jalette,* 119 R.I. 614, 382 A.2d 526 (1978), for the proposition that even if evidence of motive was relevant, the state failed to demonstrate that the use of evidence of prior crimes was "reasonably necessary." *Id.* at 627, 382 A.2d at 533. The defendant contends, therefore, that the trial justice should have excluded the prior threats from being introduced into evidence. The state counters that motive is relevant and that the *Jalette* limitation of the *Colangelo* exception applies only in sex-offense cases.

█ Clearly, the parties predicate their contentions on the assumption that Pule's threatening statement concerning Moors and Hathaway was evidence of prior criminal activity. Neither the state nor defendant, however, articulates the crime that Pule committed when he uttered the statement. We are of the opinion that a threat to kill without more does not constitute a criminal offense under the laws of this state.[1] Pule did not assault Moors because he did not accompany his statement with force or violence. General Laws 1956 (1981 Reenactment) § 11–5–3; *see State v. Pope,* R.I., 414 A.2d 781, 788 (1980). Moreover, Pule's statement informed Moors what he *would have done* to her and to Hathaway *if* she *had* left with Hathaway. Further, the evidence adduced at trial does not support the finding that Pule threatened injury to Moors with the intent to compel her to act

---

1. Threats of bodily injury may be criminal in circumstances that are not applicable here. *See* General Laws 1956 (1981 Reenactment) § 11–13–9 (threats to place bomb or explosive device in public or private building); § 11–42–3, as enacted by P.L. 1982, ch. 373, § 1 (threats to injure person because of his or her race, religion or national origin); *cf.* § 11–53–2, as enacted by P.L. 1981, ch. 60, § 1 (criminal offense to burn or desecrate cross or other religious symbol with intent to threaten personal injury).

unwillingly in the future. He, therefore, did not commit extortion. *See* G.L. 1956 (1981 Reenactment) § 11–42–2; *see also State v. Sabitoni,* R.I., 434 A.2d 1339, 1342 (1981). This court concludes that defendant's statement was not evidence of a criminal act.[2] Accordingly, we shall apply general principles of relevance rather than the requirements of the *Colangelo* prior-crimes exception in reviewing the propriety of the trial justice's ruling.

■ Evidence of a prior threat made by a defendant is relevant to the question of whether the defendant "acted with malice or premeditation, or whether he had a motive to commit the crime." 1 Wharton, *Criminal Evidence* § 201 at 414–15 (13th ed. 1972). Although motive is not an essential element of murder, "[e]vidence of motive is often probative and relevant, and therefore admissible in proper circumstances. * * * [S]uch evidence must not lead the jury to speculate and must not improperly open up collateral matters." *State v. Gazerro,* R.I., 420 A.2d 816, 825 (1980).

■ The defendant admitted stabbing Hathaway but claimed that he had acted in self-defense.[3] He argues, therefore, that the only issue for the jury's consideration was his precise state of mind at the time of the stabbing. This contention assumes that defendant's assertion of self-defense establishes conclusively that he committed the

act of stabbing the victim. In any prosecution, however, the state must establish that the defendant committed the act that constitutes the crime. 1 Wharton, *supra* § 186 at 351. The due-process clause of the Fourteenth Amendment requires that the state prove all facts necessary to establish guilt beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970); *Infantolino v. State,* R.I., 414 A.2d 793, 795 (1980). Moreover, regardless of "how conclusive the evidence on any essential element of the offense may appear, the constitutional guarantee of trial by jury precludes a court from assuming that such fact has been proved." *State v. Ciulla,* 115 R.I. 558, 575, 351 A.2d 580, 589 (1976). The defendant's assertion of self-defense, therefore, does not remove the issue of identity of the defendant as the criminal actor from the jury's consideration. Accordingly, evidence of motive was admissible to prove that defendant was the person who committed the criminal act. *McCormick's, Handbook of the Law of Evidence* § 190 at 450–51.

■ Further, the assertion of self-defense refutes the element of "unlawfulness" necessary for murder in this state. *In re John Doe,* R.I., 390 A.2d 920, 926 (1978); G.L. 1956 (1981 Reenactment) § 11–23–1. "Accordingly, * * * once the defendant introduces some evidence of self-defense, the

---

**2.** Even if the statement were a criminal offense, such as extortion, it would have been admissible under the exception enunciated in *State v. Colangelo,* 55 R.I. 170, 174, 179 A. 147, 149 (1935). The defendant contends that the "necessity requirement" of *State v. Jalette,* 119 R.I. 614, 382 A.2d 526 (1978), limits the *Colangelo* exception. In *Jalette* we held that the prosecution must show that evidence of prior sex crimes in a sex-offense case is relevant to proving the crime charged and is "reasonably necessary" to the prosecution's case. *Id.* at 627, 382 A.2d at 533. Subsequently, this court noted that in *Jalette* we were "particularly mindful of the possibility of prejudice arising from the introduction of other criminal acts in the prosecution of sex offense cases." *State v. Whitman,* R.I., 431 A.2d 1229, 1231–32 (1981); *see State v. Colvin,* R.I., 425 A.2d 508, 511 n. 7 (1981). This court, however, has not extended the *Jalette* "necessity" requirement for the use of evidence of prior crimes to *non*-sex-offense

cases. Accordingly, evidence of a prior criminal act may be admissible to prove motive in a non-sex-offense case even though the jury could infer the motive from other relevant evidence.

**3.** Pule testified that Hathaway started the fight inside the apartment, grabbed the knife from the sink, and chased him into the hallway. He stated that he threw a table lamp at Hathaway, who dropped to his knees. Pule admits striking Hathaway with a chair, but claims that he and Hathaway then struggled on the floor for possession of the knife. Pule testified that he grabbed the knife and stabbed Hathaway several times after Hathaway had tried to grab his leg. Gloria Moors rebutted Pule's claim that Hathaway was the aggressor. Although she did not observe the fight in the hallway, she testified that she heard Hathaway plead, "No, no, I'm your friend."

burden of persuasion is on the prosecution to negate that defense beyond a reasonable doubt." *In re John Doe,* 390 A.2d at 926; *cf. Mullaney v. Wilbur,* 421 U.S. 684, 704, 95 S.Ct. 1881, 1892, 44 L.Ed.2d 508, 522 (1975) (state must negate defenses of heat of passion or sudden provocation beyond a reasonable doubt). The state could negate defendant's claim of self-defense by proving that defendant acted unlawfully, that is, by proving that defendant had the predisposition to form an intent to kill without any provocation or aggression on the part of the victim. *State v. Arpin,* R.I., 410 A.2d 1340, 1351 (1980); *In re John Doe,* 390 A.2d at 926. Certainly, prior threats were relevant to motive from which the jury could infer such a predisposition. *State v. McEachern,* 431 A.2d 39, 43 (Me.1981); *State v. Bright,* 215 N.C. 537, 540, 2 S.E.2d 541, 543 (1939); *State v. Benjamin,* 71 A. 65, 66 (R.I.1908). Accordingly, we reject the proposition that a prior threat to kill would be relevant only when a defendant is charged with first-degree murder. Evidence of motive is relevant even to the mere momentary formation of an intent to kill that is necessary for second-degree murder.

The trial justice specifically ruled that the defendant's threatening statement was relevant to his motive for committing the crime. Recognizing that the statement was prejudicial to the defendant, the trial justice properly balanced this prejudicial effect against the probative value of the statement before he admitted it into evidence. This court will not consider such evidentiary rulings reversible error unless the trial justice abused his discretion. *State v. Chaplow,* R.I., 443 A.2d 432, 433 (1982); *see State v. Byrnes,* R.I., 433 A.2d 658, 675 (1981); *State v. Verdone,* 114 R.I. 613, 617, 337 A.2d 804, 808 (1975). We find that the trial justice here properly exercised his discretion when he admitted the defendant's prior statement to prove motive.

For the reasons stated, the appeal of the defendant is denied and dismissed, the judgment of conviction is affirmed, and the papers in the case may be remanded to the Superior Court.