STATE

v.

Keith BURKE.

No. 01–358–M.P.

Supreme Court of Rhode Island.

Oct. 31, 2001.

Aaron L. Weisman, Providence, For Plaintiff.

Janice M. Weisfeld, Providence, For Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on September 26, 2001, pursuant to an order granting the defendant's request for oral argument in support of his petition for writ of habeas corpus. After hearing the arguments of counsel and considering the memoranda of the parties, we deny the petition.

The defendant, Keith Burke, was convicted in the Superior Court of one count of witness intimidation, in violation of G.L. 1956 § 11–32–5, a felony offense. Specifically, the criminal information alleged that defendant, "with the specific intent to intimidate Deborah Burke, in respect to her filing assault charges, * * * did expressly or impliedly threaten to cause physical injury to Deborah Burke, in violation of § 11–32–5 of the General Laws of Rhode Island." It is undisputed that at the time of the offense Deborah Burke was the wife of defendant and that she previously had made allegations of domestic assault against defendant. Those charges were pending at the time of this alleged witness intimidation. The Attorney General also filed a notice alleging that defendant was a habitual offender pursuant to G.L.1956 § 11–41–24 and, thus, subject to an enhanced penalty upon conviction of witness intimidation. Subject matter jurisdiction

was not raised in the Superior Court. After his motion for a new trial was denied, Burke was sentenced to five years in prison for intimidating a witness and to an additional fifteen years as a habitual offender. A timely notice of appeal to this Court was filed and defendant now has challenged the jurisdiction of the Superior Court to entertain the underlying charge. The defendant has alleged that pursuant to G.L.1956 § 8–10–4, the Family Court has exclusive subject matter jurisdiction over this offense and that the Superior Court lacked jurisdiction over this criminal information. The defendant has petitioned for habeas corpus and has moved that his conviction be vacated and that the case be referred to the Family Court for trial.

Section 8–10–4, entitled "Criminal cases referred to family court," provides in relevant part as follows:

"[T]o the Family Court shall also be referred for hearing * * * all causes properly brought in the court or appealed from other courts in which the defendant is accused, as provided by the statutes, * * * of threat to commit a crime or offense against the person or property of the defendant's husband, wife, children, father, or mother."

■ The defendant has posited that because the offense of witness intimidation, as alleged against him, involves an express or implied threat to cause a physical injury to defendant's wife, coupled with the specific intent to intimidate her, it is actually a threat to commit a crime against his wife and falls within the provisions of § 8–10–4 and is, therefore, cognizable in the Family Court. We disagree.

■ The defendant has misconceived the offense of witness intimidation to be a mere threat to commit an offense against the person of another. This Court long has held that a threat to kill without more is not a criminal offense. *See State v. Pule*, 453 A.2d 1095, 1097 (R.I.1982) ("a threat to kill without more does not constitute a criminal offense under the laws of this state"). In contrast, in cases of witness intimidation, the threat to cause physical injury to a victim with the specific intent to intimidate that person with respect to his or her participation in any criminal proceeding, is not merely a threat to commit a crime; it is, in fact, a crime and amounts to a felonious act. The offense is complete once the threat is made. In these situations, the threat itself constitutes the criminal offense.[1] Moreover, G.L.1956 chapter 4 of title 12, entitled "Recognizance to Keep the Peace," sets forth an orderly statutory scheme for cases in which an individual has been accused of threatening to commit a crime or offense against the person or property of another. Upon the posting of a recognizance not exceeding $50 by the complainant, § 12–4–3 authorizes the issuance of a warrant to apprehend the accused and, if there is reasonable cause "to fear that the threat would be carried into execution, the accused shall be sentenced to enter into recognizance * * * with condition to keep the peace * * * for a certain time not exceeding eleven (11) months." We deem this conduct to fall within the provisions of § 8–10–4.

Further, § 11–32–6, entitled "Jurisdiction of district, superior and family courts," provides, in pertinent part, as follows:

"(a) Any court with jurisdiction over *any criminal matter, including the fam-*

---

1. Similarly, in cases of threats against a public official made because of hostility toward the public official or "because of some other factor related to the official's public existence," G.L.1956 § 11–42–4(b), and threats in connection with the offense of extortion and blackmail, § 11–42–2, made with the specific intent to extort money or some other pecuniary advantage, the threat itself constitutes a completed criminal act.

*ily court when it has jurisdiction of a juvenile by virtue of a wayward or delinquent petition* alleging the violation of any criminal statute of this state, in its discretion upon good cause * * * that intimidation or dissuasion of any person who is a victim or who is a witness has occurred or is reasonably likely to occur, may issue orders including, but not limited to, the following:

(1) An order that a defendant not violate any provision of this chapter.

(2) An order that a person before the court other than a defendant, including, but not limited to, a subpoenaed witness or other person entering the courtroom of the court, not violate any provisions of this chapter.

(3) An order that any person described in this subsection maintain a prescribed geographic distance from any specified witness or victim." (Emphasis added.)

■■■ Our review of this section leads us to conclude that the jurisdiction of the Family Court in instances of witness intimidation is limited to the prosecution of juveniles accused of witness intimidation in the Family Court. Further, with respect to all juvenile wayward and delinquency petitions, § 11–32–6 vests the Family Court with jurisdiction to issue orders intended to prevent or stop efforts to intimidate witnesses or victims connected with those proceedings. We are satisfied that the Family Court is not vested with jurisdiction to hear and decide criminal cases of witness intimidation, but is authorized to take appropriate steps to prevent witness or victim intimidation with respect to cases over which the court has jurisdiction.

Accordingly, the petition for writ of habeas corpus is denied.

