# United States Court of Appeals
## For the First Circuit

No. 07-1352

JOSE ROBERTO DUARTE LOPES,

Petitioner,

v.

PETER D. KEISLER, ACTING ATTORNEY GENERAL,

Respondent.[*]

PETITION FROM A DECISION OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge, and
Oberdorfer, Senior District Judge.[**]

Roberto Gonzalez for petitioner.
Jennifer Levings, with whom Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, and Richard Zanfardino, Office of Immigration Litigation, were on brief, for respondent.

October 26, 2007

---

[*] On September 17, 2007, Peter D. Keisler was named Acting Attorney General. We have therefore substituted Acting Attorney General Peter D. Keisler for Alberto R. Gonzales as the respondent. See Fed. R. App. P. 43(c)(2).

[**] Of the District of Columbia, sitting by designation.

**LYNCH**, **Circuit Judge**. Jose Roberto Duarte Lopes, of Cape Verde, petitions for review of a decision of the Bureau of Immigration Appeals upholding an Immigration Judge's order of removal.  At issue is whether Lopes's particular conviction for assault under Rhode Island law, R.I. Gen. Laws § 11-5-3, constitutes a crime of violence within the meaning of 18 U.S.C. § 16(a).

We hold that the BIA did not err in concluding the crime was a crime of violence and deny his petition.

I.

Lopes was admitted to the United States on or about February 18, 1988.  On February 15, 1995, he pleaded nolo contendere to a charge in state court that he committed assault and battery upon Kimberly Niles, his girlfriend, in violation of R.I. Gen. Laws § 11-5-3 and the state's Domestic Violence Prevention Act, R.I. Gen. Laws § 12-29-5.  Lopes was sentenced to one year in prison, which was suspended, and one year of probation.

Lopes was served with a Notice to Appear on November 20, 2001, which charged that, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(I), he was removable on account of his 1995 conviction for domestic assault as well as a 1996 state conviction for possession of cocaine and a 2000 state conviction for possession of marijuana.  On July 29, 2002, the IJ ordered Lopes's removal on the basis that Lopes's assault conviction constituted an

aggravated felony within the meaning of 8 U.S.C. § 1227(a)(2)(A)(iii) because it qualified as a crime of violence under 18 U.S.C. § 16(a). In turn, 18 U.S.C. § 16(a) defines a crime of violence as an offense "that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The IJ also held that Lopes was subject to removal on the basis of his 1996 drug conviction but not his 2000 drug conviction, which had subsequently been vacated. The IJ further held that Lopes did not qualify for a waiver of removal under § 212(c) of the Immigration and Nationality Act ("INA").

Lopes appealed the IJ's decision to the BIA. On December 30, 2003, the BIA issued an order agreeing with the IJ that Lopes's assault conviction was for a crime of violence and therefore rendered him removable. The BIA remanded the case, however, with respect to whether Lopes was eligible for consideration of § 212(c) relief, given that his conviction predated the restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.

On June 15, 2005, the government added another removal charge based on Lopes's 1995 domestic assault conviction, which was based on the same facts as the charge in the original Notice to Appear but cited to a different section of the INA.

On November 28, 2005, the IJ issued an oral opinion agreeing with the government that Lopes was ineligible for a § 212(c) waiver, relying on two BIA cases decided after the IJ's first opinion. In re Brieva-Perez, 23 I. & N. Dec. 766, 773 (B.I.A. 2005) (alien ineligible for § 212(c) waiver because the crime of violence ground for removal has no statutory counterpart in the grounds of inadmissibility under § 212(a) of the INA); In re Blake, 23 I. & N. Dec. 722, 728 (B.I.A. 2005) (alien ineligible for § 212(c) waiver because the aggravated felony ground of removal with which he was charged has no statutory counterpart in § 212(a)). The IJ also rejected Lopes's argument that the record provided by the government to prove his 1995 assault conviction is unreliable because it states that he was arrested on August 14, 1995 and that his sentence began on February 15, 1995. The IJ cited a number of possible reasons for the apparent inconsistency, including a deliberate decision to backdate Lopes's sentence or "1996" mistakenly being entered as "1995."

The BIA affirmed the IJ in an opinion issued on January 30, 2007. It again addressed the question of whether the 1995 assault conviction was for a crime of violence.[1] Because the statute, R.I. Gen. Laws § 11-5-3, does not define assault, the BIA

---

[1] It is not clear to us why the BIA did not simply rely on its earlier affirmance, for purposes of the removal order, that the 1995 assault conviction was for a crime of violence, and why that question was addressed anew by the IJ on remand. All parties have treated the question as being an open one before the IJ on remand.

-4-

looked to the state's case law. The BIA noted that the Rhode Island Supreme Court has defined "assault" as an attempt to do a bodily harm to another person with "force or violence." State v. McLaughlin, 621 A.2d 170, 177 (R.I. 1993) (citing State v. Pope, 414 A.2d 781 (R.I. 1980)). The BIA also pointed out that threats to injure or kill alone, without force or violence, do not constitute a crime under Rhode Island law. State v. Torres, 787 A.2d 1214, 1221 (R.I. 2002); State v. Pule, 453 A.2d 1095, 1097 & n.1 (R.I. 1982). The BIA concluded that Lopes was convicted of a crime of violence as defined in 18 U.S.C. § 16(a) because the crime for which he was convicted, assault, involved the use or attempted use of physical force against another person. As to the documentary basis for proof of the conviction, the BIA found no error in the IJ's use of the record of conviction provided by the government, noting that Lopes had not challenged the existence of the conviction or the statute itself, and "what appears to be a typographical error in the date of the conviction" is "irrelevant" to the ultimate question of whether Lopes was convicted of a crime of violence.

Lopes seeks review of the BIA's decision in this court, arguing that his conviction for assault does not qualify under 18 U.S.C. § 16(a) as a crime of violence and that the BIA erred by allowing the IJ to rely on the record of conviction provided by the government.

II.

We review the BIA's legal conclusions de novo, Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004), but give significant deference to the BIA's factual findings under the substantial evidence standard, De Vega v. Gonzales, ___ F.3d ___, 2007 WL 2696489, at *2 (1st Cir. Sept. 17, 2007). Under the substantial evidence standard, we uphold a decision "unless any reasonable adjudicator would be compelled to conclude the contrary." Ouk v. Gonzales, 464 F.3d 108, 111 (1st Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)) (internal quotation marks omitted).

Three federal statutes provide the backdrop for the government's removal action in this case. The first, 8 U.S.C. § 1227(a)(2)(A)(iii), provides that any alien who is convicted of an "aggravated felony" at any time after admission to the United States is eligible for deportation. In turn, 8 U.S.C. § 1101(a)(43)(F) defines the term "aggravated felony" to include a "crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [sic] at least one year." Finally, 18 U.S.C. § 16(a) defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

The Rhode Island statute under which Lopes was convicted in 1995, section 11-5-3, is entitled "Simple assault or battery"

-6-

and provides that "every person who shall make an assault or battery or both shall be imprisoned not exceeding one year or fined not exceeding one thousand dollars ($1,000), or both." R.I. Gen. Laws § 11-5-3(a). Lopes argues that the determination should be made from the face of the statute and he should be considered to have committed a crime of violence only if every possible application of section 11-5-3 involves a crime of violence. This court has already rejected both prongs of the argument. In <u>Conteh</u> v. <u>Gonzales</u>, 461 F.3d 45 (1st Cir. 2006), this court affirmed the BIA's adoption of a modified categorical approach to removal proceedings in determining whether an alien's predicate offense qualifies as an aggravated felony, but cabined somewhat the material which may be considered. <u>Id.</u> at 50. The test approved represents a modification of the approach adopted by the Supreme Court in <u>Taylor</u> v. <u>United States</u>, 495 U.S. 575 (1990), in assessing whether a defendant's prior convictions are for violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for sentencing purposes. That approach was extended to guilty pleas in <u>Shepard</u> v. <u>United States</u>, 544 U.S. 13, 19-20 (2005).

We have held that when "the statute on which the prior conviction rests sweeps more broadly, the government . . . must demonstrate, by reference only to facts that can be mined from the record of conviction, that the putative offense constitutes a crime designated as an aggravated felony." <u>Conteh</u>, 461 F.3d at 56. In

-7-

other words, this court will consider whether the crime the petitioner actually committed -- as demonstrated by the record of conviction -- constitutes a crime of violence, rather than hypothesize whether every conceivable conviction under a broad statute would constitute a crime of violence.

Lopes argues that because the Rhode Island statute refers to both assault and battery, the BIA was required to consider the conviction as a "battery." He contends that a battery involves unintentional touching and so is not a form of violence. We need not reach the question of whether a battery conviction under Rhode Island law is a conviction for a crime of violence. The BIA correctly concluded that the appropriate documents of conviction established that Lopes committed an assault and that under Rhode Island case law an assault is a crime of violence.

The documents that the government can use to prove a criminal conviction in removal proceedings are described in 8 U.S.C. § 1229a(c)(3)(B). These statutory provisions specifically include the two documents on which the BIA has adjudicated this case: an official record of plea, verdict, and sentence, 8 U.S.C. § 1229a(c)(3)(B)(ii), and a docket entry from court records indicating the existence of a conviction, id. § 1229a(c)(3)(B)(iii). The official record of plea, verdict, and sentence indicates that Lopes pled nolo contendere to a charge that he "commit[ted] assault and battery upon the body of Kimberly

Niles." The criminal docket report states that a plea of nolo contendere was entered on a count of "simple assault -- domestic." On the basis of these two documents, it is clear that Lopes was convicted of assault.

Because section 11-5-3 does not provide a definition of assault, the BIA appropriately looked to Rhode Island case law to determine how the state defines the crime. See State v. Jackson, 752 A.2d 5, 9 (R.I. 2000) ("Because statutory definitions are not given, the common law established by our cases has defined the term[] 'assault' . . . ."). The Rhode Island Supreme Court has defined assault as "an unlawful attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness." McLaughlin, 621 A.2d at 177 (emphases added) (citing Pope, 414 A.2d at 788). Furthermore, as the BIA noted, under Rhode Island law there can be no assault without the presence of physical force.

Thus, a conviction for assault under Rhode Island law satisfies the statutory definition of a crime of violence because it has as an element the "attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Rhode Island's definition of assault also contemplates a "higher degree of intent than negligent or merely accidental conduct," as the Supreme Court has required. Leocal v. Ashcroft, 543 U.S. 1, 9 (2004). We therefore hold that Lopes is

subject to deportation as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) because the record of conviction establishes that he was convicted of assault, which as defined by Rhode Island law constitutes a crime of violence.[2]

Finally, we turn to Lopes's claim that the record of conviction is unreliable. Lopes argues that the discrepancy in dates in his record of conviction violates the requirement of Woodby v. INS, 385 U.S. 276 (1966), that removal orders be based on "clear, unequivocal, and convincing evidence."[3] Id. at 286. We disagree. The BIA's determination that the record of conviction is reliable is amply supported by the evidence. As the BIA noted, the government has provided certified copies of the conviction record; Lopes has not challenged the existence of the conviction, the

---

[2]    Lopes also suggests that because his conviction could qualify as either an aggravated felony or a misdemeanor under the Sentencing Guidelines, U.S.S.G. § 2L1.2, an ambiguity exists and the rule of lenity should apply. Because Lopes did not present this argument to the BIA, we need not consider it here. Rumierz v. Gonzales, 456 F.3d 31, 41 n.12 (1st Cir. 2006). Regardless, the argument is irrelevant. The statutes at issue are immigration statutes.

[3]    At oral argument, Lopes argued for the first time that his record of conviction is also unreliable because the docket sheet states that he was convicted of "simple assault -- domestic," which does not have a precise statutory counterpart. Because this argument was not presented before the BIA, the exhaustion doctrine bars its review in this court. Rumierz, 456 F.3d at 41 n.12. But in any event, the claim is not a winning one. "Simple assault -- domestic" is an accurate description of the crime to which Lopes pled guilty. The fact that a court officer uses language to describe a crime on a docket sheet that does not comport with the exact language of the corresponding criminal statute(s) does not render the docket sheet unreliable.

statute under which he was convicted, or the substance of the record of conviction; and the discrepancy in dates appears to be a typographical error and has no bearing on any aspect of the conviction at issue in this case.  We add that the typographical error on the docket sheet can readily be traced to poor handwriting indicating the year of sentencing on the record of plea, verdict, and sentence.

Lopes's petition for review is <u>denied</u>.