**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

Nos. 07-1514
     07-1916

JOSE YIMI CAMPOS-GOMEZ,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF ORDERS OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Lipez and Howard,
<u>Circuit Judges</u>.

<u>William A. Hahn</u> and <u>Hahn & Matkov</u> on brief for petitioner.
     <u>Corey L. Farrell</u>, Office of Immigration Litigation, <u>Peter D.
Keisler</u>, Assistant Attorney General, and <u>Terri J. Scadron</u>,
Assistant Director, on motion for summary affirmance.

November 5, 2008

**Per Curiam**.  At issue in this immigration case is whether a Rhode Island conviction for simple assault is a "crime of violence" under 18 U.S.C. § 16 and is thus an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).  In an unrelated case, we recently answered this question in the affirmative.  See Lopes v. Keisler, 505 F.3d 58 (1st Cir. 2007).  Finding Lopes dispositive, we grant respondent's motion for summary affirmance and deny the petition for review.

Petitioner has been found removable based on his 2005 conviction for misdemeanor assault under R.I. Gen. Laws § 11-5-3. That enactment, entitled "Simple assault or battery," provides that "every person who shall make an assault or battery or both shall be imprisoned not exceeding one year or fined."  Id. § 11-5-3(a).  As reported in the criminal complaint and docket sheet, petitioner pled guilty to the charge of assaulting a police officer (and to a second, related charge) and received a one-year suspended sentence. According to respondent, that conviction for simple assault is a crime of violence and thus an aggravated felony, which renders him ineligible for discretionary relief.

Three statutory provisions are implicated.  "Any alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  The term "aggravated felony" includes "a crime of violence (as defined in section 16 of Title 18 ...) for which the term of imprisonment [is]

at least one year." Id. § 1101(a)(43)(F). And the term "crime of violence" means

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Because petitioner's assault conviction is a misdemeanor (under both state and federal law), § 16(b) is not at issue here. Accordingly, the question is whether use of physical force is an "element" of Rhode Island simple assault--i.e., "a constituent part of the offense which must be proved by the prosecution in every case to sustain a conviction." Singh v. Ashcroft, 386 F.3d 1228, 1231 (9th Cir. 2004) (internal quotation marks and emphasis deleted).

As explained in State v. Jeremiah, 546 A.2d 183, 186 (R.I. 1988), the "standard definition of criminal assault" in Rhode Island is set forth in State v. Baker, 38 A. 653 (R.I. 1897), as follows:

> An assault, as ordinarily defined, is any unlawful attempt or offer with force or violence to do a corporal hurt to another, whether from malice or wantonness. The offense may consist also in putting another in fear of violence.

Id. at 654 (emphasis added); accord, e.g., State v. Coningford, 901 A.2d 623, 630 (R.I. 2006); State v. McLaughlin, 621 A.2d 170, 177

-3-

(R.I. 1993).[1]  Relying on the emphasized portions of this definition, we concluded in Lopes that under Rhode Island law "there can be no assault without the presence of physical force." 505 F.3d at 63.  We thus held that a conviction for simple assault under § 11-5-3 "satisfies the statutory definition of a crime of violence because it has as an element the 'attempted use, or threatened use of physical force against the person or property of another.'" Id.  (quoting 18 U.S.C. § 16(a)).[2]

Petitioner's attempts to challenge or distinguish the reasoning in Lopes fall short.  His main argument is that simple assault in Rhode Island can include "reckless" conduct--which, under the case law applying Leocal v. Ashcroft, 543 U.S. 1 (2004), is a mens rea that does not satisfy the "use of physical force" requirement in 18 U.S.C. § 16.  See, e.g., United States v. Zuniga-Soto, 527 F.3d 1110, 1123-24 (10th Cir. 2008).  We rejected a

---

[1] Battery is a separate offense.  It "refers to an act that was intended to cause, and does cause, an offensive contact with or unconsented touching of or trauma upon the body of another, thereby generally resulting in the consummation of the assault." Coningford, 901 A.2d at 630 (internal quotation marks omitted); accord, e.g., State v. Davis, 384 A.2d 1061, 1064 (R.I. 1978) ("battery ... is the intentional and unlawful application of the slightest force to the person of another").

[2] The alien in Lopes was convicted under both § 11-5-3 and the state's Domestic Violence Prevention Act, R.I. Gen. Laws § 12-29-5.  The latter is not a separate offense, but rather imposes enhanced penalties for assault (and related crimes) when committed against family or household members.  That § 12-29-5 was involved in Lopes does not affect the analysis of whether simple assault constitutes a crime of violence.

Leocal-based argument in Lopes, albeit without addressing recklessness. See 505 F.3d at 63. In any event, petitioner's expansive definition of assault proves mistaken. He relies solely on the 1897 Baker decision and two references contained therein to recklessness. See 38 A. at 654. Yet the court did not there hold, and has not since held, that reckless as opposed to intentional conduct could suffice for an assault conviction; to the contrary, it noted that "[t]here must be an intent to commit an assault, or else there can be no assault." Id. at 653 (quoting jury charge with approval). Moreover, petitioner's view is at odds with general descriptions of the common law. See, e.g., Popal v. Gonzales, 416 F.3d 249, 255 n.5 (3d Cir. 2005) ("The common law ... required 'willfulness,' i.e., intent, in order to find a defendant guilty of simple assault."); 2 Wayne R. LaFave, Substantive Criminal Law, § 16.3, at 566 & 569 (2d ed. 2003 & '08 Supp.) (explaining that recklessness does not suffice to establish assault).

To be sure, some statutory "assault" provisions contain a recklessness element. See, e.g., Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1125 (9th Cir. 2006) (en banc). Yet these are actually "battery-type statutes." See 2 LaFave, supra, § 16.2(c), at 557 ("In the modern codes, a substantial majority of the battery-type statutes expressly state that the crime may be committed by recklessness--that is, where there is subjective awareness of the

high risk of physical injury.") (footnotes omitted). And just as in <u>Lopes</u>, <u>see</u> 505 F.3d at 62, it is clear that petitioner here was convicted of assault rather than battery.[3]

Petitioner also alleges that the assault definition applied by <u>Lopes</u> was drawn from cases involving offenses more serious than simple assault. <u>See</u>, <u>e.g.</u>, <u>McLaughlin</u>, 621 A.2d at 177 (misdemeanor manslaughter); <u>Baker</u>, 38 A. at 653 (assault with a dangerous weapon). Yet nothing more than simple assault was involved in <u>State</u> v. <u>Tabele</u>, 621 A.2d 185 (R.I. 1993), which enunciated a similar definition. In a related vein, petitioner insists that Congress never intended that the term "crime of violence" would encompass such a relatively insignificant offense. Yet the legislative history contains a specific reference to simple assault suggesting otherwise. <u>See</u>, <u>e.g.</u>, <u>Popal</u>, 416 F.3d at 254 n.5.

<u>The motion for summary affirmance is granted, and the petition for review is denied.</u>

---

[3]  For example, petitioner never objected to the BIA's observation that "[w]hile [§ 11-5-3(a)] proscribes the commission of <u>both</u> simple assault and battery, the parties appear to agree that [petitioner] was only convicted of simple assault." As a result, petitioner's reliance on cases such as <u>Chrzanoski</u> v. <u>Ashcroft</u>, 327 F.3d 188 (2d Cir. 2003), and <u>United States</u> v. <u>Bayes</u>, 210 F.3d 64 (1st Cir. 2000), is misplaced. The offense in <u>Chrzanoski</u>, for example, although denominated as "third degree assault," required a showing of physical injury and thus was in fact a form of battery.

-6-